## SMITH, GUARDIAN, ET AL. v. STATE HIGHWAY COMMISSION.

[No. 11,289. Filed February 21, 1922. Rehearing denied May 18, 1922.]

1. MASTER AND SERVANT.— *Workmen's Compensation Act.— Posthumous Child.— Compensation.*— Under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921), compensation cannot be awarded to a posthumous child prior to its birth. p. 302.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Compensation to Several Dependents.—Death of Dependent.—Disposition of Compensation.*—Section 37 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921), providing that a weekly compensation equal to fifty-five per cent. of the deceased employe's average weekly wages shall be paid for 300 weeks in equal shares to all wholly dependent upon him, does not contemplate a diminution of the award in event of the death of one of several dependents, but the entire weekly compensation is to be paid by the employer as long as there is at least one beneficiary surviving who was wholly dependent on the deceased employe, so that, on the death of one of three dependents, the share of each of the other two is increased from one-third to one-half of the same weekly compensation payable before the death of such dependent. p. 303.

3. MASTER AND SERVANT. — *Workmen's Compensation Act.— Basis of Award.—Conditions at Death of Workman.—Modification.*—In a proceeding for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921), compensation for the death of an employe should be awarded to his dependents on the basis of conditions as they existed at the time of his death, subject to modification in the event of the subsequent birth of a dependent or of the death of one or more of the dependents. p. 305.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Harry O. Smith, guardian, and others against the State Highway Commission. From the award made by the Industrial Board, the applicants appeal. *Award modified.*

*Oren O. Swails,* for appellants.

*U. S. Lesh,* Attorney-General, *D. F. Stansbury,*

Smith, Gdn., *v.* State Highway Comm.—78 Ind. App. 301.

*Joseph W. Hutchinson* and *Clarence F. Merrell,* for appellee.

DAUSMAN, C. J.—On September 7, 1921, the full Industrial Board made a finding which establishes the following facts: On November 8, 1920, one William H. Joyner, while in the employment of the state highway commission, received an injury by accident which resulted in his almost instant death. The deceased workman's average weekly wage was $21. He left surviving as his sole dependents, his wife, Leona Joyner; his daughter, Anna Marie Joyner, one year of age; and William H. Joyner, Junior, a posthumous child who was born April 21, 1921, and died June 21, 1921.

The board awarded compensation for the widow at the rate of $3.85 per week, beginning on November 8, 1920; for the daughter at the rate of $3.85 per week, beginning November 8, 1920; and for the deceased posthumous child at the rate of $3.85 per week, beginning April 21, 1921, and to continue to and including June 21, 1921.

The appellants filed a motion to modify the award so as to give compensation for Leona at the rate of $3.85 per week from November 8, 1920, to June 21, 1921, and thereafter at the rate of $5.775 per week; for Anna Marie at the rate of $3.85 per week from November 8, 1920, to June 21, 1921, and thereafter at the rate of $5.775 per week; and for the posthumous child at the rate of $3.85 per week from November 8, 1920, to June 21, 1921. The motion was overruled.

Appellants' first contention is that compensation should have been awarded for the benefit of the posthumous child, beginning at the death of its

1. father, even though the child was then unborn. The legislature has declared that the term "child" as used in §38 of the Workmen's Compensation Law,

(Acts 1919 p. 158, §8020v1 Burns' Supp. 1921) "shall include posthumous children." However, we are of the opinion that the legislature did not intend that compensation should be awarded to a posthumous child prior to its birth.

Appellants' second contention is that during the lifetime of the posthumous child it was proper to divide the compensation fund among the three living dependents in equal shares; but that during the compensation period preceding the birth of the posthumous child, and during the compensation period following the death of that child, the compensation fund should be divided between the other two dependents in equal shares. On the contrary counsel for the appellee contend that the employer's only liability with respect to the posthumous child began at the birth of that child and terminated at its death; that the share awarded the posthumous child "lapsed" simultaneously with its death; that the death of the child did not operate to increase the shares of the other dependents; and that the only effect of the death of the child was to relieve the employer permanently of liability for the payment of one-third of the total compensation for which the employer would have been liable had the child lived.

As applicable to this case, the statute provides that "a weekly compensation equal to fifty-five per cent. of the deceased's average weekly wages," for 300 weeks, shall be paid in equal shares "to all dependents of the employee wholly dependent upon him for support at the time of his death." §37 Workmen's Compensation Act, Acts 1919 p. 158, §8020u1 Burns' Supp. 1921. The statute also provides that, "If the employee leaves dependents only partially dependent upon his earnings for support at the time of his injury, the weekly compensation to those so dependent shall be in the same proportion to the weekly compensation of persons wholly

dependent as the average amount contributed weekly by the deceased to such partial dependent bears to his average weekly wages at the time of the injury." §37, Acts 1919 p. 158, *supra.* The statute further provides that, "If there is more than one person wholly dependent, the death benefit shall be divided equally among them, and persons partially dependent shall receive no part thereof. If there is no one wholly dependent and more than one person partially dependent, the death benefit shall be divided among the partial dependents according to the relative extent of their dependency." §38 Workmen's Compensation Act, Acts 1919 p. 158, *supra.* The legislature intended that the fund designated "the death benefit" shall be regarded as an entirety. The maximum amount of that fund is ascertained by a simple computation. It is the product of fifty-five per cent. of the average weekly wage multiplied by the number of weeks in the maximum compensation period. The total death benefit thus ascertained is the measure of the employer's liability. There is no way by which the employer's liability can be reduced except through the cessation of the dependency of all the dependents before the termination of the maximum compensation period. But so long as any dependent lives, the full weekly compensation must be paid to the end of the maximum compensation period, unless sooner redeemed by paying in cash the commutable value thereof as provided by law. §43 Workmen's Compensation Act, Acts 1919 p. 158, §8020a2 Burns' Supp. 1921. There is nothing in the statute to support the theory that where there are two or more dependents the death of one before the termination of the maximum compensation period shall operate to relieve the employer to the extent of one share. The only purpose of directing that the fund. shall go to dependents in equal shares is to insure to them equal care and support, to the end that none shall profit at

the expense of others and that none shall be cast out to become a burden on the taxpayers. That feature, however, is strictly a matter between the dependents and the state, and not between the dependents and the employer. The full loaf is to be furnished weekly. If there is but one dependent, that one will enjoy the entire loaf. If there are two or more dependents, then the loaf is to be divided into as many equal shares as there are mouths to feed.

The legislature has provided that the amount of the death benefit shall depend uniformly on the workman's average weekly wage, thereby indicating that it is a substitute for the support he was capable of providing for his dependents, regardless of the number of them. If the legislature had intended that the amount of the death benefit should depend on the number of dependents, we are bound to presume that the law-makers would have made at least an attempt to express that intention. Such an intention has not been expressed; and the language of the statute leaves no room for even a feeble inference to that effect. In the case at bar the class designated to receive the death benefit consists of those who were "wholly dependent" at the time of the workman's death. The evident legislative intent is that the full amount of the death benefit shall be paid to the end of the maximum compensation period, if anyone of that class remains alive, unless the dependency of all the members of the class be sooner terminated in the manner provided by the statute. §38, Acts 1919 p. 158, *supra.*

Usually an award to dependents should be made in accordance with the conditions as they existed at the time of the workman's death. On that basis, the 3. award, had it been made before the birth of the posthumous child, should have been for compen-

sation at the rate of $11.55 per week, payable in equal shares to the widow and the daughter. Then, on the birth of the posthumous child, the award would have been subject to modification so as to make the weekly compensation payable in equal shares to the three dependents, on proof of the changed conditions; and on the death of the posthumous child the award would have been subject to a further modification so as to make the compensation payable thereafter in equal shares to the two remaining dependents. However, the award was not made until nearly eleven months after the workman's death; and at that time the board knew all the facts concerning the dependents. The board knew then that the posthumous child had been born and that it had lived only eight weeks. Therefore, it was proper for the board to make the compensation payable in such shares as accorded with the conditions as they existed at the time the award was made; for those conditions were irrevocable as to the past, and the law does not require useless formalities. But the erroneous construction put upon the statute by the board resulted in awarding inadequate compensation to the widow and the daughter. The award should have provided compensation to the widow and the daughter at the rate of $11.55 per week from November 8, 1920, to April 21, 1921, payable to them in equal shares; and to the widow, the daughter, and the representative of the deceased posthumous son, at the rate of $11.55 per week, from April 21, 1921, to June 21, 1921, payable to the three in equal shares; and to the widow and the daughter at the rate of $11.55 per week from and after June 21, 1921, payable to them in equal shares, for a period of time not to exceed the maximum compensation period.

Nothing in this opinion is to be taken as prescribing a form of award to be followed in this and like cases. The matter of form is left to the board. The regularity

of that part of the award by which the portion that accrued to the posthumous child during its brief existence was made payable to its former guardian rather than, to an administrator, has not been questioned; nevertheless, it should not go unnoticed. In view of §3070 Burns 1914, §2523 R. S. 1881, that feature is probably unobjectionable; and in the absence of any showing of impropriety, it will not be disturbed.

The board is directed to modify the award in accordance with this opinion, and when so modified the award is affirmed.