## In re Summers et al.

[No. 11,609.    Filed December 8, 1922.]

1. **JUDGMENT.**— *Construction.*— *Correct Application of Law to Facts.*—When the language of a judgment is susceptible of two constructions, from one of which it follows that the law has been correctly applied to the facts, and from the other that the law has been incorrectly applied, the former construction should be adopted.    p. 112.

2. **MASTER AND SERVANT.**— *Workmen's Compensation Act.*— *Award to Dependents.*—*Construction.*—*Modification.*—In a proceeding under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et. seq.* Burns' Supp. 1921), an award in equal shares of 300 weeks compensation to the widow and two minor dependents of a deceased workman stipulating that the shares awarded the two minor dependents shall terminate when they respectively attain the age of eighteen years, docs not extinguish the liability of the employer for the shares awarded such dependents for the unexpired portion of the 300 weeks remaining after they attain the age stated, and the award is subject to modification so as to provide that upon the termination of the dependency of one of such minors, the full compensation shall be paid to the other dependents.    p. 112.

From the Industrial Board of Indiana.

Certified question of law.

Proceedings under the Workmen's Compensation Act in the matter of one Hattie Summers and others.    Certified questions of law by the Industrial Board.    *Questions answered.*

BATMAN, J.—The Industrial Board has certified to this court the following facts and questions of law, pursuant to §61 of the Workmen's Compensation Act (Acts 1917 p. 154, §8020s2 Burns' Supp. 1921) :

"On June 5th, 1922, Hattie Summers, Lester Summers, and Cora Summers filed with the Industrial Board of Indiana their petition to review and modify an award made by the full Industrial Board of Indiana on the 15th day of October, 1921, against William Jarvis, Truman Briggs and the Southern Fire Brick and Clay Company; that said application was called for hearing before a member of the Industrial Board of Indiana at the Court House in Terre Haute, Indiana on the 24th day of July, 1922.    At said time the parties appeared and stipulated the facts in said matter in the words and figures following, to-wit:    'It is agreed that on the 15th day of June, 1921, in the Court House at Terre Haute, Indiana, pursuant to notice, the claim of Hattie Summers, Lester Summers and Cora Summers vs. the Southern Fire Brick and Clay Company, William Jarvis and Truman Briggs was called for hearing before Thomas Roberts, a member of the Industrial Board of Indiana; that said claim was filed by the plaintiffs Hattie Summers, Lester Summers, and Cora Summers on April 19th, 1921; that said member having heard the evidence and being duly advised in the premises, finds that on the 1st day of February 1921 one Benjamin F. Summers was in the employment of William Jarvis and Truman Briggs at an average weekly wage of at least

$24.00; that on said date he received personal injuries by an accident arising out of and in the course of his employment, causing his instant death, of which injury and death the defendant had knowledge at the time; that at the time of his injury and death, said Benjamin F. Summers was employed upon the shortening and repairing of a smokestack, which the defendants William Jarvis and Truman Briggs had contracted with the defendant, the Southern Fire Brick and Clay Company, to repair; that at the time of said injury and death and at the time of undertaking said work the defendants, William Jarvis and Truman Briggs, did not have compensation insurance; that the defendant Southern Fire Brick and Clay Company did not exact from them a certificate of the Industrial Board showing that they were carrying compensation insurance. The said member further finds that the said Benjamin F. Summers left surviving him as his sole and only dependents Hattie Summers, his wife, with whom he was living as such at the time of his death, Lester Summers, aged seventeen years, a son, and Cora Summers, aged fourteen, a daughter, all of whom were wholly dependent upon the decedent for their support. (Here follows the award made by the single member of the Industrial Board before whom the hearing was had, which is not material as it was superseded by an award of the full board, made on review pursuant to Section 60 of the Workmen's Compensation Act.) · And the full board (on review) * * * ordered that the plaintiffs be, and are, hereby awarded against the defendants William Jarvis and Truman Briggs and Southern Fire Brick and Clay Company, in equal shares, three hundred weeks' compensation at the rate of $13.20 per week, beginning on the first day of February 1921; and it is further ordered that the shares of compensation hereby awarded to Lester and Cora Summers shall terminate

when they respectively attain to the age of eighteen years. * * * That said award of the Board is unmodified and not appealed from, and under said award compensation has been paid to Hattie Summers and Cora Summers up to date at the rate of $4.40 per week each; and payments at the rate of $4.40 per week were paid to Lester Summers to the 27th day of May, 1921, at which time said Lester Summers arrived at the age of eighteen years, and payments are discontinued; that the hearing at this time is to determine the right of Cora Summers and Hattie Summers to receive in equal shares the full $13.20 per week, subsequent to the 27th day of May 1921 for the balance of said three hundred weeks.'

(Questions)

"First. Did the award by the full Industrial Board on October 15th, 1921, extinguish the liability of the employer for compensation at the rate of $4.40 per week from the date when Lester Summers became eighteen years of age (May 27th, 1921) for the unexpired portion of three hundred weeks beginning with February 1st, 1921?

"Second. Does the award of the full Industrial Board on October 15th, 1921, extinguish the liability of the employer for compensation at the rate of $4.40 per week from the date when Cora Summers will become eighteen years of age, for the unexpired portion of three hundred weeks beginning with the first day of February, 1921, even though her mother, Hattie Summers, be living on said date, and her dependency has not terminated?

"Third. Would an order or award by the Industrial Board, modifying the award of the full Industrial Board on October 15th, 1921, so as to award compensation to Hattie Summers and Cora Summers at the rate of $13.20 per week in equal shares from and after May 27th, 1921, for the unexpired portion of three hundred weeks beginning with February 1st, 1921, subject to the termina-

tion of the dependency of either or both of them within said period, be according to law?

"Fourth.   Would an award by the Industrial Board providing that, upon the termination hereafter of the dependency of either Hattie Summers or Cora Summers within three hundred weeks beginning with February 1st, 1921, the full compensation of $13.20 per week shall be paid to the survivor for the unexpired portion of said three hundred weeks, subject to the termination of her dependency within that time, be according to law?"

It is stated that the defendants mentioned in the above statement of facts claim that the award by the full board has the effect of extinguishing their liability for 1, 2. $4.40 per week for the unexpired portion of the 300 weeks after the date when Lester Summers became 18 years of age, and of terminating their liability for $4.40 per week, for the unexpired portion of the 300 weeks, after the date when Cora Summers attains the age of 18 years.   Assuming that the full board adopted the finding of facts made by the single member, as set out above, it is clear, that if the award in question has the effect claimed by the defendants it is contrary to law, in the light of the decision of this court in the case of *Smith* v. *State Highway Comm.* (1922), 78 Ind. App. 301, 134 N. E. 225.   While such award might be construed so as to give it the effect stated, it is susceptible, as we view it, of another construction, entirely reasonable, which would give it a different effect.   That is to say, it might be construed as if it read as follows:   "It is ordered that plaintiffs be, and they are, hereby awarded against the defendants William Jarvis, Truman Briggs, and the Southern Fire Brick and Clay Company, 300 weeks compensation at the rate of $13.20 per week, beginning on February 1, 1921, to be shared by them equally, during the time said Lester and Cora Summers are under the age of 18 years, but their

shares in said award shall terminate when they respectively attain such age." When so construed the award is in accord with the decision in the case of *Smith* v. *State Highway Comm., supra.* It is well settled that, when the language of a judgment is susceptible of two constructions, from one of which it follows that the law has been correctly applied to the facts, and from the other that the law has been incorrectly applied, that construction should be adopted which correctly applies the law. 23 Cyc 1101; *Gough* v. *Jones* (1919), (Tex. Civ. App.) 212 S. W. 943; *Sharp* v. *McColm* (1909), 79 Kans. 772, 101 Pac. 659; *Watson* v. *Lawson* (1913), 166 Cal. 235, 135 Pac. 961; *Sharp* v. *Zeller* (1905), 114 La. 549, 38 So. 449; *Wood* v. *Ross* (1909), 85 S. C. 309, 67 S. E. 449; *Stalick* v. *Wilson* (1916), 21 N. M. 320, 154 Pac. 708. While the award under consideration, strictly speaking, cannot be said to be a judgment, it is of such a nature as to render the rule just stated applicable in its construction. Therefore, we are clearly of the opinion that the construction last stated must be adopted. When this is done, and the law as stated in the case of *Smith* v. *State Highway Com., supra*, is applied, the proper answers to the first and second questions are apparent.

Having determined that the defendants are liable for the payment of the full amount of $13.20 for the full period of 300 weeks, under the award, as properly construed, we will now direct our attention to the questions involving the authority of the board to make further orders respecting its distribution. In the case last cited it was held, in effect, that the death benefit, mentioned in §38 of the Workmen's Compensation Act, Acts 1919 p. 158, §8020v1 Burns' Supp. 1921, should usually be awarded to dependents in accordance with the conditions as they existed at the time of the employe's death,

but, where events have transpired subsequent to such death, and before the award is made, which affects the distribution thereof, it is proper for the board to make such benefits payable in such shares as the changed conditions warrant; that, where such events do not transpire until after the award is made, the board is authorized to modify it, with respect to the distribution of such benefit, so that the dependents may share the same in the proper proportions; and that this is strictly a matter between the dependents and the state, and not between the dependents and the employer. This makes proper answers to the third and fourth questions clearly apparent, treating the award mentioned in each, as a modification of the original award, with respect to the distribution of the death benefit. We therefore answer the first and second questions submitted in the negative, and the third and fourth questions submitted in the affirmative.