CULLEN, TRUSTEE, *v.* PAN HANDLE COAL COMPANY.

[No. 11,752.   Filed December 13, 1923.   Rehearing denied March 12, 1924.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.— Death Benefit.—Reduction not Allowed.*—A death benefit, under the Workmen's Compensation Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1921) is regarded as an entirety, and the amount thereof cannot be reduced because of a change of conditions or otherwise, but should continue in the same amount until there is no longer any dependent, the distribution of the award being a matter which does not concern the employer.   p. 217.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.— Death Benefit.—Marriage of Widow.*—Where the Industrial Board has awarded a widow and minor children compensation in a certain sum for a specified number of weeks, for the death of the husband and father, the remarriage of the widow does not affect the amount of the award, but the full amount

should be distributed to the children as long as there is any dependent under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1921).    p. 217.

3. MASTER AND SERVANT.—Workmen's Compensation Act.—Death Benefit.—Marriage of Widow.—Change of Award.—Where the Industrial Board made an award to the widow and minor children of $13.20 per week for a specified number of weeks, but terminated the compensation to the widow on her remarriage and made an award continuing the former payments to the children, an application by the widow, as trustee for the children, to complete the award by awarding the entire amount to the children, should have been sustained, regardless of the fact that there was no appeal from the last award where the children were not made parties to the application; the Industrial Board not having lost jurisdiction of the parties or subject-matter.    p. 217.

4. MASTER AND SERVANT.—Workmen's Compensation Act.—Change of Conditions.—Application of Statute.—An award of the Industrial Board terminating compensation to a deceased employe's widow on her remarriage is not binding on dependent children of the deceased who were not made parties to an application by the employer for such termination because of the changed condition, notwithstanding the provisions of §45 of the Workmen's Compensation Act, as amended in 1919 (Acts 1919 p. 167, §8020c2 Burns' Supp. 1921).    p. 217.

5. MASTER AND SERVANT.—Workmen's Compensation Act.—Change of Award.—Minor Children.—Estoppel.—Dependent children of a deceased employe who were not made parties to an application by the employer to reduce the award because of the remarriage of their mother are not estopped to claim the entire award because they have been receiving compensation under the award made on the application.    p. 217.

6. MASTER AND SERVANT.—Workmen's Compensation Act.—Construction.—The rule that the Compensation Act must be liberally construed in favor of injured employes and their dependents is especially applicable where the rights of little children are involved.    p. 217.

From the Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Elizabeth Cullen, as trustee for George Cullen, Jr., and another, dependent children of George Cullen, deceased employe, against the Pan Handle Coal Company. From an adverse award, claimant appeals. *Reversed.*

*John A. Riddle,* for appellant.

*Turner, Adams, Merrill & Locke* and *Paul E. Beam,* for appellees.

NICHOLS, J.—On October 24, 1919, an award of compensation was made against appellee and in favor of appellant, the widow, and George Cullen, Junior, dependent son of George Cullen, deceased, in the sum of $13.20 per week for a period of 300 weeks. On September 4, 1920, appellee filed its application for a change of award because of changed conditions against Elizabeth Cullen, alleging that she remarried on June 11, 1920, and praying an order that compensation cease as to her.

On November 10, 1920, the full Industrial Board made the following finding of facts and award: "That on the 15th day of October, 1919, one George Cullen was in the employment of the defendant at an average weekly wage in excess of $24; that on said date he received a personal injury by an accident arising out of and in the course of his employment, resulting in his death on said date; that the defendant had actual knowledge of the injury and death of the said George Cullen at the time of the occurrence; that on the date of his injury and death the said George Cullen was living with the plaintiff, Elizabeth Cullen, who was his lawful wife, and his son, George Cullen, Junior, three years of age; that on the 22nd day of October, 1919, the plaintiff, Elizabeth Cullen, personally, and as trustee for George Cullen, Junior, and the defendant entered into a compensation agreement whereby the defendant agreed to pay to the plaintiff personally and as trustee compensation at the rate of $13.20 per week for 300 weeks beginning on the 15th day of October, 1919, payments to be made every four weeks; that under said agreement, the defendant paid to the plaintiff, personally and

as trustee, forty-four weeks' compensation, or the sum of $580.80; that on January 2, 1920, Mary Georgia Cullen was born to the plaintiff Elizabeth Cullen, and was the posthumous daughter of George Cullen, deceased; that on the 11th day of June, 1920, the plaintiff, Elizabeth Cullen married one James Cullen. It is therefore considered and ordered by the full Industrial Board that the compensation to the plaintiff, Elizabeth Cullen be and is hereby ordered terminated from and after June 10, 1920, and that George Cullen, Junior, and Mary Georgia Cullen be and are hereby awarded compensation at the rate of $4.40 each per week for a period of 256 weeks, beginning on the 20th day of August, 1920." It will be observed that this application for change of the award because of change in condition was against Elizabeth Cullen only and that the dependents George Cullen, Junior, and Mary Georgia Cullen were not in any manner represented in the hearing on said application. No trustee had ever been named for Mary Georgia, and, though appellee had prayed that a responsible person to whom compensation due the children might be paid, none was named. There was no appeal from this award, no application for review on account of changed conditions and it has remained in full force, so far as Elizabeth Cullen is concerned, ever since. On March 6, 1923, appellant trustee, representing her said children, George Cullen, Junior, and Mary Georgia Cullen made "her application for dependents of deceased employees for the adjustment of compensation." After again reciting the facts as above set out, and finding "that continuously from the 10th day of November, 1920, said award had been in full force and effect; that there was no appeal from said award to the Appellate Court," the Industrial Board, by its award, ordered that appellant take nothing. The appeal is from this award.

That there was a mistake against said children as to the amount of benefits that they should receive as the dependents of George Cullen, deceased, after the remarriage of the widow is apparent from an examination of the opinion of this court in the case of *Smith, Gdn.,* v. *State Highway Comm.* (1922), 78 Ind. App. 301, 134 N. E. 225, where it was held that a fund designated as a death benefit should be regarded as an entirety, and that the total amount thereof is the measure of the employer's liability which cannot be reduced except through the cessation of the dependency of all dependents before the termination of the compensation period. The amount of compensation does not change until there is a total cessation of dependency, and, in this case, it having once fixed at $13.20 as an entirety, it should so continue until there are no longer any dependents. The employer is not concerned with the matter of its distribution. That question is between the state and the dependents. Under the facts found, and in harmony with the holding in *Smith, Gdn.,* v. *State Highway Comm., supra,* the dependents of George Cullen, deceased, were entitled to a compensation of $13.20 for 300 weeks, and compensation was originally so awarded on October 24, 1919, without any order as to the shares each dependent should receive. Afterwards on November 10, 1920, a further order was made in which the compensation to Elizabeth Cullen was terminated, and an award of $8.80 was made to the two minor children of said decedent to be paid weekly in equal proportions, leaving a weekly liability of $4.40 against appellee, and in favor of the decedent's dependents, unawarded. Such award, therefore, is incomplete, and appellant as a trustee for her two minor children has a right to have the same completed, as the Industrial Board has not lost jurisdiction of the parties or the subject-matter. *In re Stone* (1917), 66 Ind.

App. 38, 43.  This was, in effect, the relief sought by the last petition, and should have been granted under the facts found, making a total to each of said children of $6.60 from the date of the remarriage of their mother.  Appellee contends, however, that as the award made upon its application against Elizabeth Cullen has not been appealed from, it is binding upon the parties until modified on account of change in conditions as provided in §45 of the compensation act, Acts 1919 p. 167, §8020c2 Burns' Supp. 1921.  Appellee cites *Pedlow* v. *Swartz Electric Co.* (1918), 68 Ind. App. 400, 120 N. E. 603, to sustain its contention, but this authority is not in point.  The children whose rights are here involved were not made parties to the application for change of award because of change of conditions and are therefore not bound thereby.  It is true that they have been receiving compensation since that award, each at the rate of $4.40 per week, but they are not estopped thereby, for they are minors, little children, and at the time of the award from which this appeal is taken, one was six years old and the other three.  The rule that the compensation act must be liberally construed in favor of injured employes and their dependents is especially applicable to circumstances such as are here presented, and technicalities of law must not stand in the way of so correcting the award in favor of these children that a right result will be reached.

The award is reversed with instructions to the Industrial Board to award to each of these children $6.60 per week from the date of the remarriage of their mother, June 10, 1920, to continue for 256 weeks from that date, less the amount of any compensation that has been paid to them since that date.