JOHN J. GALLAGHER *vs.* UNITED ELECTRIC RAILWAYS CO.

JULY 1, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)    *Workmen's Compensation Act.    Death of Dependent.*

Where employer entered into agreement with widow, under the provisions of the Workmen's Compensation Act to pay her compensation at the rate of $10 a week for 300 weeks, and widow died leaving petitioner and his brother wholly dependent upon her and thereafter one-half of the compensation was paid to the petitioner and one half to his brother and brother of petitioner died, the amount paid to deceased child does not lapse but the effect of the death is to increase the amount to be paid to the survivor for the remainder of the compensation period.

PETITION for compensation under Workmen's Compensation Act. Certified under authority of G. L. 1923, § 5112.

SWEENEY, J. This is a petition for compensation under the Workmen's Compensation Act, General Laws 1923, § 1205, *et seq.* The petition is filed by a minor acting by his guardian.

The petition and answer were duly filed in the Superior Court. The parties filed an agreed statement of facts and the court ordered the petition certified to this court for hearing and determination under authority of § 5112, General Laws 1923.

It is agreed that petitioner's father died February 23, 1920, as a result of accidental injuries sustained in the course of his employment by the Receivers of the Rhode Island Company; that the Receivers agreed with the widow of the deceased to pay her compensation at the rate of $10 each week for 300 weeks; that the widow died February 16, 1922, leaving the petitioner and his brother wholly dependent upon her at the time of her death; that the respondent, as successor of said Receivers, entered into an agreement with the petitioner and his brother to pay each of them one-half of said compensation for the remainder of said 300 weeks; that petitioner's brother died February 9, 1923, unmarried; that after his death no payments were made to any person on account of the compensation previously paid to him although 115 of said 300 weeks remained; and that the respondent continued to pay the petitioner $5 a week until the payments for 300 weeks had been completed. The petitioner claims the compensation for the 115 weeks which was not paid to his brother. The respondent opposes the claim.

The parties have agreed in presenting the following questions for determination by this court: "1. Did the obligation of the respondent to pay the $5 per week heretofore paid to the deceased Walter R. Gallagher cease by reason of the death of the said Walter R. Gallagher?" "2. If the obligation of the respondent to pay the $5 per week heretofore paid to Walter R. Gallagher did not cease upon the death of Walter R. Gallagher, to whom should the said $5 per week be paid?"

Section 1217, General Laws 1923, provides that if death results to an employee from injury, the employer shall pay his dependents, wholly dependent upon his earnings for support at the time of his injury, a weekly payment for 300 weeks from the date of the injury. If the dependent is the widow of the employee, upon her death the compensation thereafter payable shall be paid to the child or children of the deceased employee, dependent upon her at the time of

her death. In case there is more than one dependent child the compensation shall be divided equally among them.

The amount of compensation which the employer is required to pay,—and the period within which it shall be paid,—is fixed by this section and is the same whether the compensation is to be paid to the widow or, in the event of her death, to one or more children of the deceased employee, dependent upon the widow at the time of her death. In this case the widow and children are "conclusively presumed to be wholly dependent for support" upon the earnings of the deceased employee. We have held that the remarriage of a dependent widow of a deceased employee to whom compensation has been awarded does not affect the obligation of the employer to continue the payments to her under the award after her remarriage. *Newton* v. *R. I. Co.*, 42 R. I. 58. It was intended that the total amount of the compensation remaining unpaid at the death of the widow should be paid to the children of the deceased employee, dependent upon her at the time of her death, be they many or one. While it is provided that in case there is more than one child the compensation shall be divided equally among them, there is nothing in the act to justify the inference that, in case of the death of one of the wholly dependent children who has been receiving compensation, the amount paid to him shall abate or lapse and be retained by the employer out of the compensation awarded. The effect of the death of one of the children increases the amount to be paid to the survivors for the remainder of the compensation period. *Smith et al.* v. *State Highway Com.*, (Ind.) 134 N. E. 225 held that, on the death of one of three dependent children, the shares of the other two were increased from one-third to one-half of the same weekly compensation as was payable before such death. See also *McCormick et al.* v. *Central Coal & Coke Co.*, (Kan.) 232, Pac. p. 1071.

We therefore answer the first question "No" and the second by saying that the payments should be made to the petitioner.

The papers in said cause with our decision certified thereon are ordered to be sent back to the Superior Court for the entry of decree upon the decision.

*Fitzgerald & Higgins, Edward L. Leahy,* for petitioner.
*Clifford Whipple, Earl A. Sweeney,* for defendant.