SUMNER SOLLITT COMPANY ET AL. v. SHEELY ET AL.

[No. 12,688.    Filed November 18, 1926.]

1. MASTER AND SERVANT.—*Remarriage of widow does not reduce amount of award, but entire amount should be paid to remaining dependents.*—A death benefit under the Workmen's Compensation Law is regarded as an entirety, and on the remarriage of the deceased employee's widow, thus terminating her compensation, the entire amount of the award should be paid to the remaining dependents.    p. 314.

2. MASTER AND SERVANT.—*Other dependents not affected by order of Industrial Board terminating payment of compensation to widow because of her remarriage.*—An order of the Industrial Board terminating payment of compensation to the deceased employee's widow on account of her remarriage does not affect the rights of the other dependents, and they are not required to appeal from such order or move to modify it, but the entire amount of the original award should be paid to them.    The fact that a guardian has been appointed for a minor dependent daughter does not affect her right to have the whole compensation to which she is entitled paid to her.    p. 314.

From Industrial Board of Indiana.

Application by Martha E. Sheely as guardian for Sylvia L. Sheely, dependent daughter of Guy Sheely, deceased employee of the Sumner Sollitt Company, for an order requiring payment to her ward of the entire compensation agreed upon and approved by the Industrial Board.    On a showing of the remárriage of the widow, the order was made, and the employer and insurance carrier appeal. *Affirmed.* By the court in banc.

*Fesler, Elam & Young* and *Irving M. Fauvre,* for appellants.

*George W. Wells,* for appellees.

McMAHAN, P. J.—Guy Sheely died July 6, 1920, as the result of an injury received June 23, 1920, while an employee of the Sumner Sollitt Company.    He was survived by his wife, Martha E. Sheely, and a daughter, Sylvia L. Sheely, who became eighteen years old Sep-

tember 18, 1925. The widow has been the duly appointed and acting guardian of the daughter since August 13, 1920. Under date of August 23, 1920, Mrs. Sheely, in her individual capacity and as guardian, and the employer entered into a compensation agreement wherein it was agreed among other things that the deceased employee's average weekly wage was in excess of $24; that the widow and child were totally dependent upon him, and that each of them should receive compensation at the rate of $6.60 per week during dependency, not to exceed 300 weeks. This agreement was approved by the Industrial Board September 7, 1920, and compensation thereafter paid in accordance therewith to and including July 20, 1921. Sometime in August, 1921, the employer filed with the Industrial Board a certified copy of the record showing the marriage of Mrs. Sheely to William L. Wake, July 20, 1921. The Industrial Board on August 13, 1921, entered of record an order reciting its knowledge of such marriage, and ordering that the compensation payments to the widow from and after July 19, 1921, be stopped. On August 23, 1921, the widow filed her receipt showing a final settlement with her of compensation on account of the death of her former husband. The employer thereafter continued to pay compensation at the rate of $6.60 per week to the guardian of the minor child, up to September 18, 1925, that being the date when such child became eighteen years old, and when, under the statute, liability for compensation ceased, such child not being within any of the exceptions requiring payment of compensation to her after she became eighteen years old.

In July, 1925, and before the minor child reached the age of eighteen, her guardian filed a petition with the Industrial Board reciting the above facts, and alleging a refusal of appellant to pay the whole of the $13.20 to said child, and asking that appellant be ordered to

pay the whole of the $13.20 per week to said child from and after the date when the mother remarried in July, 1921.

To this application appellant filed an answer setting out the marriage of the widow in 1921; the order of the board terminating the award as to her; that no appeal had been taken from that order; and alleging that the present application is barred by the time limitation fixed in the Workmen's Compensation Act.

The board in final hearing ordered appellants to pay compensation to the guardian of the minor child at the rate of $13.20 per week from and after the marriage of the mother until the child became eighteen, credit to be given for the $6.60 per week theretofore paid; hence this-appeal.

Appellants contend that the order of the board directing the payment of compensation at the rate of $13.20 per week to the minor child after the

1. marriage of the mother is contrary to law. This contention is based upon the theory that the order of the board terminating payment of compensation to the widow released it from paying any compensation to the dependent child in excess of the $6.60 per week which it had paid to her after the marriage of her mother. This contention cannot be sustained. Appellants make no claim that the minor child was not entitled to compensation at the rate of $13.20 after the marriage of her mother. Such a claim would be counter to the holding of this court in *Cullen, Trustee,* v. *Pan Handle Coal Co.* (1923), 81 Ind. App. 213, 141 N. E. 647.

Neither the guardian nor the minor child was before the Industrial Board when the order was made terminating payment of compensation to the widow.

2. That order was a matter affecting the widow in her individual capacity. Its only effect, if bind-

MAY TERM, 1926.  315

Nat. Importing Co. v. California Prune, etc., Growers—85 Ind. App. 315.

ing on any one, was to release the employer from the payment of further compensation to the widow. It did not, as was held in the Cullen case, release the employer from thereafter paying the whole of the compensation for which it was liable to the remaining dependent. Neither the guardian nor the minor child was required to appeal from the order terminating payment of compensation to the widow, in order not to release appellants from their liability to pay the whole of the compensation to such child. Neither were they required to file an application for a modification of the order within a year from the marriage of the widow. The fact that a guardian had been appointed for the minor did not affect the right of the child to have the whole of the compensation paid to her under the application filed herein by the guardian.

Award affirmed.