RAMÓN MONTANER, ETC., Petitioner and Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., and FRANCISCO GANDARILLAS GUERRA, ETC., Defendants and Appellees.

No. 27. Argued February 14, 1938.—Decided March 31, 1938.

B. *Fernández García*, Attorney General, *Emilio de Aldrey*, Assistant Attorney General and *Luis Negrón Fernández*, as attorney for the Manager of the State Fund, for petitioner. *Juan Lastra* for Laura Guerra Custodio, defendant.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The Manager of the State Fund awarded compensation in the amount of $2,166.82 for the death of policeman Francisco Gandarillas Méndez during the course of his employment; and by an agreement of March 30, 1937, between the Manager and his beneficiaries, the proceeds of the award were equally distributed between the widow Eufrosina Bravo de Gandarillas and Francisco Gandarillas Guerra, a son of the deceased by his first marriage. On June 23, 1937, the Manager of the State Fund suspended payment of the amount awarded to the widow by reason of the fact that she had married again. Two days later the son of the deceased requested that the compensation which had been suspended to the widow be adjudicated to him. The Manager refused to do this basing his decision on the fact that said beneficiary should be governed by the terms of the agreement of March 30, 1937, by which he had accepted the sum of $1,083.41 as compensation and had released the employer and the State Fund of further responsibility. The beneficiary appealed to the Industrial Commission. The Manager of the State Fund moved to dismiss the appeal under the belief that the statutes in force do not provide for the appeal which the petitioner is trying to exercise and also on the ground that the commission has no jurisdiction to entertain the proceeding. The commission declared itself with juris-

diction to entertain the appeal and ordered the payment of compensation to the petitioning beneficiary. A motion for reconsideration having been denied by the commission the Manager filed the present appeal.

The Manager alleges that the decision appealed from is void, illegal and against the law for the following reasons:

1st.—That the Commission lacked authority to entertain the appeal taken by the beneficiary inasmuch as the law in force does not provide for such a right of appeal.

2nd.—That the beneficiary is estopped to make any claim as to compensation because of the terms of the contract of March 30, 1937, by which he released the Manager of all further liability.

3rd.—That the Manager and not the Industrial Commission is the one to whom the statute confers the power of making a redistribution, should such a step be proper.

4th.—That the right which the beneficiary may have to have the widow's suspended portion adjudicated to him can not be made effective by means of an appeal against the Industrial Commission but must be claimed in a plenary action before a court of general jurisdiction.

We shall first consider the jurisdictional question raised by the appellant. Its decision depends upon the construction which we may give to the following provisions of Act No. 45 of April 18, 1935 (p. 250) entitled "Workmen's Accident Compensation Act":

"The Industrial Commission shall exclusively have functions of a quasi-judicial and quasi-tutelary nature for the investigation and decision of all cases of accidents in which the Manager and the injured workman or employee or their beneficiaries do not reach an agreement in regard to the compensation as provided in Section 9 of this Act, and in the exercise of its functions it shall represent only public interests." (Par. 9, inc. b, section 6.)

"If the Manager and the insured workman or employee fail to reach an agreement in regard to compensation, or if, after they have reached an agreement which has been signed and filed in accordance with this Act, and compensation has been paid or is pending payment in accordance with this Act, the agreement is violated in regard to the continuance of the weekly payments under said agreement or

as to any other matter under such agreement, either party. may notify the Industrial Commission which shall set the case for a hearing by the Industrial Commission or by a commissioner.'' (Sec. 10).

The appellant argues that according to the statute the power of the commission to review the decisions of the Manager is limited to the following cases: (*a*) whenever the manager and the workman should not reach a settlement with respect to compensation; (*b*) whenever after having reached a settlement some violation of the same should occur affecting the continuance of the weekly payments under such agreement; and (*c*) whenever there should have been a violation under said agreement for any other reason. The appellant alleges that the Manager and the beneficiaries reached a settlement in the present case on March 30, 1937, for which reason the Industrial Commission is prevented from assuming jurisdiction, inasmuch as said agreement was binding pursuant to Section 9 of the already cited ''Workmen's Accident Compensation Act'' which provides:

''Section 9.—The Manager is hereby empowered to make agreements with the injured workman or employee, or their beneficiaries in case of death, in regard to compensation, if they are included under the terms fixed by this Act. Such agreement, after being duly signed by the Manager and the claimant, shall be binding and shall be enforced as if it were the decision of the Manager. A copy of every agreement between the Manager and the claimant shall be filed with the Industrial Commission.

''Every arrangement, agreement, or settlement between the Manager and the injured person or his beneficiaries in case of accident, disease, or death, shall have the effect of relieving the employer of any ulterior liability for the accident, disease, or death which motivated said agreement, arrangement, or settlement.''

We are of the opinion that the jurisdiction of the commission is broader than the appellant is willing to admit. The Manager of the State Fund is an executive or administrative officer entrusted with the compliance of all the duties with the statute creating his position expressly prescribes.

In our opinion it has not been the purpose of the legislator to grant the aforementioned official dictatorial powers with regard to the decision of questions which may be submitted to his consideration, for nowhere in the statute do we find any provision to the effect that the decisions of the Manager of the State Fund shall be final and unappealable. The legislator, as the regulating power of the organization created by him for the operation and application of the workmen's compensation act, created the Industrial Commission and invested it with quasi judicial and quasi tutorial powers so that it would be such a commission and not the ordinary courts of justice who should decide, in the first instance, the controversies which might arise between the Manager, as executive officer, and the injured workmen or their beneficiaries with regard to the compensation to which they may have been entitled. We have no doubt that this is the spirit and purpose of paragraph 9, subdivision (b) of Section 6, *supra.*

It is true that the appellant Manager and the son of the deceased workman reached an agreement with regard to the distribution of the compensation between said child and the widow. Thus is not a case of the nonperformance of that contract by the beneficiary, but we have here a new situation of law which has arisen from the fact that the widow of the deceased workman married once more after part of the compensation had been adjudicated to her. This is therefore a new distinct and separate claim for compensation, with respect to which the Manager and the petitioning beneficiary have not been able to reach an agreement. In order to decide the controversy and determine whether the compensation adjudicated to the re-married widow should remain in the State Fund for the benefit of the public or whether it should be adjudicated to the other beneficiary and son of the deceased, the Industrial Commission has absolute jurisdiction under a strict construction of the statute.

The Industrial Commission committed no error in assuming jurisdiction over the controversy in this case.

■ The doctrine of estoppel invoked by the appellant in order to maintain that the beneficiary is barred, by the terms of the contract of March 30, 1937, from making any other claim with regard to compensation, is not applicable to the case at hand.

The appellant has not supplied us with the necessary data so that we may become acquainted with the exact terms of the contract mentioned between the Manager of the State Fund and the widow and son of the deceased workman. In the record brought up to us by the Secretary of the Industrial Commission no original or copy of said contract is to be found. We are forced to decide the question solely on the basis of the allegations which the appellant has made in his petition for review, to wit:

"That on January 13, 1936, Insular Policeman Francisco Gandarillas Méndez suffered an accident in the course of his employment which caused his death, for which the State Fund awarded compensation in the amount of $2,166.82 and distributed the same in the following manner: to the widow Eufrosina Bravo Widow of Gandarillas 50 per cent of said compensation, i. e., $1,083.41, and to Francisco Gandarillas Guerra, a minor child of the deceased workman by his first marriage with Laura Guerra Custodio, 50 per cent of said compensation amounting to the same quantity.

"That on March 30, 1937, an agreement was signed with regard to the compensation, between said beneficiaries and the Manager of the State Fund by which the beneficiaries accepted the compensation granted to each."

The appellant furthermore alleged that "since the parties had, on March 30, 1937, agreed upon the amount of compensation to which each was entitled and had expressly released the Manager of all further liability, said beneficiary was estopped from making any claim with respect to that compensation."

The Manager, proceeding in accordance with what is provided in subdivision 5 of Section 3 of the Compensation Act, adjudicated a total compensation of $2,166.82 and decided that said sum should be distributed equally between the widow

and the son. Both beneficiaries accepted the award and the Manager's plan of distribution and released the latter from any further liability, which amounts to having said that the widow as well as the son bound themselves not to make any claims in excess of the sum of $2,166.82 which had been adjudicated to them and which did not reach the maximum of $3,000 fixed by the statute cited. We find no justification for deciding that the claimant beneficiary also waived his alleged right to claim the payment of one half of the sum adjudicated which had been assigned to the widow. In claim- ing this amount he is not demanding of the Manager a fur- ther or additional responsibility, in excess of the responsibil- ity already fixed by the Manager himself in the amount of $2,166.82, but is simply requesting that a redistribution, if proper, be made of the amount adjudicated and awarded as compensation for the death of the workman. We hold, there- fore, that the beneficiary is not legally estopped to make such a claim.

 The fundamental issue involved in the present appeal may be stated as follows: Has a beneficiary to whom part of the total compensation awarded has been adjudicated, the right to the payment of that portion granted to another beneficiary, in a case where the right of this other beneficiary to receive that portion should cease for any reasons specified in the statute?

The fifth paragraph of subdivision 5 of Section 3 of the Workmen's Accident Compensation Act reads as follows:

"Upon the remarriage of the widow or widower, the part pay- ments awarded for his or her benefit shall cease. They shall likewise cease on the death of any other beneficiary to whom such part pay- ments are being made, and in the case of minors, such payments shall also cease when such minors reach the age of eighteen (18) years, unless they are disabled for work."

We find no express provision in the statute determinative of what should be done with that portion of the compensation awarded for the accident, which should be unable to be paid

to the widow by reason of her re-marriage or to a minor beneficiary by reason of his having reached the age of eighteen. We should therefore examine the authorities which interpret similar statutes so that they may serve as a guide to the decision of this question.

In the case of *Central Iron & Coal Co.* v. *Coker*, 217 Ala. 472, 116 So. 794, the Supreme Court of Alabama, interpreting a statute practically identical to ours expressed itself as follows:

"As to the provisions of section 7556, that, 'If the compensation is being paid under article 2 of this chapter to any dependent, such compensation shall cease upon the death or marriage of such dependent, and the dependency of a child shall terminate with the age of eighteen unless otherwise provided herein,' and the like provisions of section 7564: These provisions relate to the marriage of the widow, as well as to the other dependents, and when these provisions are construed in connection with section 7555, adopting a liberal policy of construction, to accomplish the purpose of the act, to provide compensation, in a measure for the loss suffered by the dependents of the deceased workman, in case of his death, the conclusion is reached that the only effect of these provisions is to intercept the compensation from passing to the personal representative, in case of death of one or more of the dependents, and, in case of relief from dependency by the marriage of the dependent, to direct its application to the dependency remaining. Such was the opinion of the court on the former appeal, and in *Ex parte Todd Shipbuilding & Dry Docks Co.*, 212 Ala. 477, 103 So. 447, where the question received full consideration.

"* * * * * * *

"If the employee—the husband and father in this case—had lived, we must assume the remaining dependent children would have received the benefit of his earnings so long as they remained dependent upon him, though others who were in this class, on the date the cause of action arose through his death, had ceased to be dependent by reason of becoming of age, marriage, or death, and we see no escape from the conclusion that such dependents remaining in this class are entitled to the benefit of the full award, though some of the dependents have passed the age limit, married, or died. The statute was so construed in *Ex parte Todd Shipbuilding & Dry Docks Co.,* supra, and a due regard for the maxim of *stare decisis*, it would seem,

compels adherence to such judicial interpretation, silencing contro-versy. *Lindsay* v. *U. S. Savings & Loan Ass'n,* 120 Ala. 156, 24 So. 171, 42 L. R. A. 783."

See also: *Smith* v. *State Highway Commission,* 78 Ind. App. 301, 134 N.E. 225; *In re Summers,* 79 Ind. App. 108, 137 N.E. 291; and *Cullen* v. *Pan Handle Coal Co.,* 81 Ind. App. 213, 141 N.E. 647.

Our Compensation Act provides in Section 3, paragraph 5, that when a workman should leave a widow and legitimate children partially or totally dependent for their support on the earnings of the workman at the time of his death, those dependents shall receive a compensation of one to three thou-sand dollars "which shall be graduated according to the earn-ing capacity of the deceased workman or employee and to his probabilities of life."

In the case of *Smith* v. *State Highway Commission, supra,* the Supreme Court of Indiana stated the following:

"The Legislature intended that the fund designated 'the death benefit' shall be regarded as an entirety. The maximum amount of that fund is ascertained by a simple computation. It is the product of 55 per cent of the average weekly wage multiplied by the number of weeks in the maximum compensation period. The total death benefit thus ascertained in the measure of the employer's liability. There is no way by which the employer's liability can be reduced ex-cept through the cessation of the dependency of all the dependants before the termination of the maximum compensation period. But, so long as any dependent lives, the full weekly compensation must be paid to the end of the maximum compensation period, unless sooner redeemed by paying in cash the commutable value thereof as provided by law . . . There is nothing in the statute to support the theory that, where there are two or more dependents, the death of one before the termination of the maximum compensation period shall operate to relieve the employer to the extent of one share. The only purpose of directing that the fund shall go to dependents in equal shares is to insure to them equal care and support to the end that none shall profit at the expense of others, and that none shall be cast out to become a burden on the taxpayers. That feature, however, is strictly a matter between the dependents and the state, and not be-'

tween the dependents and the employer. The full loaf is to be furnished weekly. If there is but one dependent, that fortunate one will enjoy the entire loaf. If there are two or more dependents, then the loaf is to be divided into as many equal shares as there are mouths to feed.''

We can see, therefore, that according to our statute, in order to fix the death benefit the Manager of the State Fund can only take into consideration: (a) the earning capacity and (b) the life expectancy of the deceased workman. The number of persons dependent upon the workman is not a factor to be considered in measuring the responsibility of the employer.

The number of beneficiaries or dependents of the deceased workman, who may have a right to participate in the distribution of the fund can only be considered by the Manager once he has fixed the amount of the compensation, when the moment arrives for him to comply with the paternal duty which the law imposes upon him of distributing that compensation among the beneficiaries in accordance with the condition, necessities, degree of relationship and dependency of each of them. If the Manager, in attempting to discharge this duty, is able to get the beneficiaries to agree and makes a contract with them stipulating the amount which each of them is to receive while he has a right to participate in the compensation, that contract can not have the effect of a waiver of the right to claim that a redistribution of the fund be made when one of the beneficiaries should have lost his right by reason of age, matrimony or death. In the case of *Sumner Sollitt Co.* v. *Sheely,* 85 Ind. App. 312, 153 N.E. 894, the facts of which were similar to those of the present one; it was held that when the Industrial Commission, after approving an agreement as to compensation which provided that the widow and minor son should receive $6.60 weekly, ordered the termination of the compensation to the widow upon her remarriage, that order did not relieve the employer of the obligation of thereafter paying the entire compensation of

$13.20 per week to the child. See: *Reliance Coal & Coke Co.* v. *Fugate,* 24 S.W. (2d) 705, and *Gallagher* v. *United Electric Rys. Co.,* 134 Atl. 8.

For the reasons expressed the decision rendered by the Industrial Commission on December 21, 1937, is affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.