**HARTFORD ACCIDENT & INDEMNITY CO. v. PETTIBONE.**

**Civil Action No. 311.**

District Court, N. D. Indiana, South Bend Division.

July 21, 1944.

Walter R. Arnold, of South Bend, Ind., for plaintiff.

Hemphling & Smith, of South Bend, Ind., for defendant.

SWYGERT, District Judge.

This is a suit by the plaintiff who insured the Town of Lowell, Indiana, under a workmen's compensation and employer's liability policy whereby it agreed to pay any person entitled thereto under the Indiana Workmen's Compensation Law, Burns' Ann.St. § 40-1201 et seq., "the entire amount of any sum due, and all installments thereof as they become due" imposed by such law. Section "K" of the policy provides that "the company shall be subrogated in case of any payment, to all rights of recovery therefor vested by law either in this employer or in any employee or his dependents claiming thereunder against persons, corporations or estates."

The complaint alleges that Arthur Williams, an employee of the town of Lowell, was fatally injured by reason of the negligence of the defendant railroad company and that as a result of his death, the Town of Lowell agreed to pay the widow of the deceased compensation at the rate of $15.-87 per week for 300 weeks or until terminated in accordance with the Workmen's Compensation Law: that pursuant to this agreement and the terms of the policy of insurance, the plaintiff has paid the widow the sum of $150 by way of funeral expenses and 102 weeks of compensation, or a total of $1768.74, and that it "is obligated and shall be required to pay to said widow for 198 weeks the sum of $15.87 or $3,142.26 or a total obligation of $4,911.00."

The complaint quotes the Indiana law (Section 40-1213, Burns' Indiana Statutes Annotated, 1933 Edition) which provides that if compensation is awarded and accepted under the act, the employer, having paid compensation or having become liable therefor, may collect in his own name or in the name of his injured employee, or in case of death, in the name of his dependents, from the other person in whom legal liability exists, the compensation paid or payable to the injured employee or his dependents. The plaintiff alleges that it is subrogated to the rights of the Town of Lowell to the extent of the compensation "plaintiff has paid or has become liable therefor, to-wit: the sum of $4,911.00."

Jurisdiction is grounded on diversity of citizenship. The defendant moves to dismiss on the grounds that (1) the amount actually in controversy is less than $3,000 exclusive of interest and costs and (2) that the employer or employee's personal repre-

sentative are not parties to the action. The motion is granted on the first ground.

An employer or his subrogated insurer may sue a tort-feasor, if the employee or his dependents accept compensation, for the amount of compensation paid under the award as well for the compensation payable, except, as held in Liberty Mutual Ins. Co. v. Stitzle, 220 Ind. 180, 41 N.E.2d 133, the tort-feasor's liability is measured by the right of the injured party to damages under the general law of torts and, of course, it is limited to the extent of the employer's liability under the compensation law. The statute authorizes a suit by the employer to be brought before completing payment of the award and provides that it may cover both the paid installments and those which are to be made in the future. This is also the holding of the latest Indiana case dealing with the subject. Liberty Mut. Ins. Co. v. Stitzle, supra.

Consequently, if the award in this case were fixed and definite so that the employer or the plaintiff under all circumstances was bound to pay the sum of $15.87 for a total of 300 weeks or a total award of $4911, it would appear that the requisite amount would be in controversy notwithstanding the fact that at the time the suit was instituted, only $1768.74 actually had been paid under the award. However, it is not fixed and definite. The plaintiff's liability is contingent.

The compensation award or agreement stipulates that the weekly amount payable to the widow is payable "until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Indiana." Unless terminated for other reasons the award would end under the Indiana law at 300 weeks; but, the Indiana law provides that the award may be terminated sooner than the maximum number of weeks specified for death benefits. Section 40-1403 of Burns' Indiana Statutes Annotated 1933 Edition provides that "the dependency of a widow * * * shall terminate with * * * her marriage subsequent to the death of the employee." Furthermore the employer's liability can be reduced or terminated through the cessation of the dependency of all the dependents before the termination of the maximum compensation period. Smith et al. v. State Highway Commission, 78 Ind. App. 301, 134 N.E. 225. Consequently the plaintiff's liability would end upon either the widow's remarriage or death.

The question of the amount in controversy for jurisdictional purposes must be determined as of the time the suit is instituted in federal court. Mitchell v. Mutual Life Ins. Co. of New York, D. C., 31 F.Supp. 441.

Looking at this case at the time it was commenced, the amount already paid under the award was $1768.74. The question as to whether any further amounts would be payable was contingent on events that might or might not have happened at any time subsequent to the filing date. No one could say when the suit was started that the plaintiff's eventual total liability would be more or less than $3000. Future liability which is contingent and may never accrue cannot be considered in computing the requisite amount. Berlin v. Travelers Ins. Co., D.C., 18 F.Supp. 126.

Accordingly, the conclusion must be that the necessary jurisdictional amount was not in controversy when the action was instituted. Hence the motion to dismiss is granted.