**ALMA EVANS TRUCKING and/or Utah State Insurance Fund, Plaintiffs and Appellants,**

**v.**

**Heather Ann ROACH, minor daughter of Isaac Robertson, deceased, Defendants and Respondents.**

**No. 20200.**

Supreme Court of Utah.

Feb. 24, 1986.

Elliot K. Morris, James R. Black, Salt Lake City, for plaintiffs and appellants.

David L. Wilkinson, Atty. Gen., Stephen G. Schwendiman, Asst. Atty. Gen., Salt Lake City, for defendants and respondents.

Remona Roach, pro-se.

HOWE, Justice:

Plaintiffs seek review of an order of the Industrial Commission awarding death benefits to a posthumous child of a deceased worker, effective the date of the worker's death, which was about three weeks before the child was born.

On April 18, 1984, Isaac Robertson was killed in a trucking accident arising out of or in the course of his employment with plaintiff Alma Evans Trucking. On May 11, a daughter was born to Remona J. Roach. The child, Heather Ann Roach, is the daughter of the deceased, Isaac Robertson. The mother, Remona J. Roach, is not entitled to death benefits, but the child, Heather, is entitled to death benefits under U.C.A., 1953, § 35–1–68. An administrative law judge ordered benefits to be paid into a trust fund for Heather and commenced benefits April 19, the day following Robertson's death.

Plaintiffs seek review of the award, contending that Heather's benefits should start with the day of her birth and not with the date of Robertson's death.

Section 35–1–68 awards benefits to certain wholly dependent persons at the time of the worker's death. Under section 35–1–71, a child under the age of eighteen years is presumed to be wholly dependent for support upon a deceased employee. That section defines a "child" as including a posthumous child.

We believe that the legislature used the word "child" in its ordinary and usual sense, viz., a child which has been born.

Also, we believe by its very definition a posthumous child is not a posthumous child until it is born. Black's Law Dictionary (Rev. 4th ed. 1968) defines a posthumous child as "one born after the death of its father; or, when the Caesarean operation is performed, after that of the mother." Until the child is born, it is usually referred to as a child in utero or a fetus. While the legislature had the power to award benefits to a child in utero, it clearly did not do so. It limited its award to children, including posthumous children. The unborn child in the instant case was neither "posthumous" nor a "child" until she was born.

In this interpretation, we are supported by the only case cited to us which is on point. In *Smith v. Highway Commission,* 78 Ind.App. 301, 134 N.E. 225 (1922), the court interpreted a statutory provision virtually identical to our section 35–1–71 defining the word "child" to include posthumous children. Said the court:

The legislature has declared that the term "child" as used in section 38 of the Workmen's Compensation Law, (Laws 1919, c.57) "shall include posthumous children." However, we are of the opinion that the legislature did not intend that compensation should be awarded to a posthumous child prior to its birth.

Our analysis finds support in *Burns v. Alcala,* 420 U.S. 575, 95 S.Ct. 1180, 43 L.Ed.2d 469 (1975), where the United States Supreme Court rejected the argument that "child" included a child in utero. The Court held in interpreting the Social Security Act that an unborn child was not a "dependent child" so as to entitle the pregnant mother to AFDC benefits. Said the Court, speaking through Justice Powell:

Our analysis of the Social Security Act does not support a conclusion that the legislative definition of "dependent child" includes unborn children. Following the axiom that words used in a statute are to be given their ordinary meaning in the absence of persuasive reasons to the contrary, and reading the definition of "dependent child" in its statutory context, we conclude that Congress used the

word "child" to refer to an individual already born, with an existence separate from its mother.

*Burns,* 420 U.S. 580, 581, 95 S.Ct. 1180, 1184 (citations omitted).

This interpretation is also consistent with our statutes on divorce, separation, and paternity. They all provide for the payment of child support by a father, but neither our case law nor our statutes suggest that the duty to support the child arises before the child is born. Divorce commonly occurs while the wife is pregnant, but there is no statutory basis for awarding child support for an unborn child, separate and apart from support for the mother and the payment of her medical expenses. Under our statutes, a posthumous child inherits from its father and mother, but that right cannot be exercised until there is a live birth.

The legislature apparently was content to provide for the child in utero by awarding benefits to the surviving wife of the deceased worker who ordinarily would be carrying it. The wife's benefits commence at the date of her husband's death. In the instant case, we have the unusual situation where the worker's child in utero is carried by a woman not his legal wife and not herself entitled to benefits. In such cases, the legislature made no provision for the child in utero until it was born and then became a "posthumous child."

The order of the Industrial Commission is directed to be modified so as to commence benefits to Heather Ann Roach the day of her birth.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.