(108 So. 46)
## LOCKE v. CENTENNIAL ICE & COAL CO.
### (6 Div. 481.)

(Supreme Court of Alabama. April 15, 1926.)

**Master and servant** ⊜⇒388.

Under Code 1923, §§ 7553, 7554, 7556, wholly dependent mother of deceased employé leaving dependent widow and minor children, is entitled to no compensation.

Certiorari to Circuit Court, Jefferson County; Roger Snyder, Judge.

Proceeding under the Workmen's Compensation Act by Mariah Locke and another for compensation for the death of Wesley Hooten, employé, opposed by the Centennial Ice & Coal Company, employer. To review finding and judgment denying compensation to named claimant, she applies for writ of certiorari. Writ denied, and judgment affirmed.

D. G. Ewing, of Birmingham, for appellant.

Petitioner is entitled to compensation. Code 1923, §§ 7553, 7560.

R. J. McClure, of Birmingham, for appellee.

There being a dependent widow and child, the mother is not entitled to compensation. Code 1923, §§ 7554, 7556; Ex parte Sloss Co., 101 So. 608, 212 Ala. 3; Ex parte Todd, etc., Co., 103 So. 447, 212 Ala. 477.

MILLER, J. This is an appeal by application of Mariah Locke for writ of certiorari from an order and judgment of the circuit court of Jefferson county under the Workmen's Compensation Law. The petitioner and Lillie Hooten are complainants, and the Centennial Ice & Coal Company, a corporation, is the respondent in the cause.

The court found that Wesley Hooten was in the employment of defendant, and was injured and killed while in the line and scope of his employment as a laborer of defendant. The decedent and respondent were bound by

the Workmen's Compensation Law; and notice that claim for compensation would be made was duly given respondent as required by the statute. The court found that Wesley Hooten was the husband of Lillie Hooten, and they had one child, Louise Hooten, who was two years of age. His wife and child were living with him, dependent upon and supported by him at the time of his death.

The average weekly earning of the decedent was $21. Mariah Locke, the petitioner, was found to be the mother of the decedent. She lived with him at the time of his injuries and death, and had been so living with him for a reasonable time prior to his injuries, and she was totally supported by and dependent on the decedent for her support and maintenance. The court held that the dependent widow and child and no others were entitled to receive compensation from the respondent, fixed their compensation at $8.40 per week during dependency, and not exceeding a period of 300 weeks, and held the petitioner, the mother of decedent, was not entitled to compensation from the respondent. Mariah Locke, the mother of the decedent, alone complains of this judgment. She contends the court erred in holding that she was not entitled to compensation.

It is true the mother is named in the statute (section 7553, Code 1923) as among the persons to whom compensation may be awarded; but section 7556, Code of 1923, clearly states and indicates that the wholly dependent mother is to be compensated "if the deceased * * * leave no widow or child or husband entitled to * * * any payment hereunder." Here the deceased left a dependent widow and minor child, two years of age, who are entitled to compensation and payment hereunder, and section 7554 provides, if decedent leaves a dependent widow and one dependent child as in this case, then there shall be paid to the widow for the benefit of herself and child 40 per cent. of the average weekly earnings of the deceased. These statutes, when construed together, clearly evidence a legislative intent that the wholly dependent mother of a deceased is entitled to no compensation, if there is a dependent widow and minor child, as in this case. The wholly dependent mother, under the statutes (sections 7553, 7554, and 7556) is entitled to compensation only in the event there is no dependent widow, child, or husband.

In construing this statute (section 7553), this court, in Poe v. S. S. S. & I. Co., 101 So. 608, 212 Ala. 3, wrote:

"Sisters are catalogued in the statute as among the persons to whom compensation is to be awarded, but the award is to be to them only in the event there is no dependent widow, child, husband, or parent, so that, in the circumstances disclosed by the finding, no compensation can be awarded to the sister."

This construction of these statutes was sustained and approved by this court again in Ex parte Todd Shipbuilding & Dry Docks Co., 103 So. 447, 212 Ala. 477, and is supported arguendo in Ex parte Cent. I. & C. Co., 95 So. 472, 209 Ala. 22, 24.

Under the circumstances shown by the facts found by the court, the mother of the deceased is not entitled to compensation, and the judgment of the court was correct in so holding. Authorities supra.

The application for writ of certiorari is denied, and the judgment is affirmed.

Writ denied, and judgment affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.