17 So.2d 582

### ROYSTER & HAARDT v. MORGAN et al.

### 3 Div. 414.

Supreme Court of Alabama.

April 13, 1944.

Rehearing Denied April 29, 1944.

Ball & Ball, of Montgomery, and Jackson, Rives & Pettus and Harry B. Cohen, all of Birmingham, for appellant.

Heirston L. Foster and Walter J. Knabe, both of Montgomery, for appellees.

BOULDIN, Justice.

This is a proceeding by statutory certiorari to review the judgment of the circuit court in a workman's compensation case. The action was brought in the circuit court by the employer.

The complaint conceded that the employee, Eddie R. Morgan, came to his death from accidental injury arising out of and in course of his employment; alleged that his employment had continued only a few weeks, and his average weekly earnings, as certained as per Title 26, § 279(G) of the Code, were $24.32. These averments were admitted by answer, and the court decreed accordingly.

The complaint disclosed the decedent left surviving wife, Susie Lee Morgan, a minor child, Willie Irene Morgan, three years of age, and a surviving mother, Willie M. Henry; that a controversy had arisen whether the wife, voluntarily living apart from the husband at the time of his death, was a dependent entitled to compensation; if so, whether wholly or partially dependent; whether the mother was wholly or partially dependent; the compensation to which either or both was entitled; and the compensation to be awarded the infant child, and to whom it should be paid. The petition or complaint made the wife and mother parties, prayed the appointment of a guardian ad litem for the child, that the wife and mother be required to interplead, and on the hearing the court adjudge the several matters in controversy and decree compensation accordingly. The wife by answer claimed to be a total dependent. The mother by answer claimed to be a partial dependent, and that the wife was a total or partial dependent.

The court adjudged the wife a total dependent, and awarded her compensation on a basis of 35% of the weekly earnings of the deceased employee for a period of 300 weeks. Title 26, § 283, Schedule A-1. He further awarded compensation to the child on a basis of 10% of weekly earnings for a period of 300 weeks, and ordered payment of same to the mother of deceased, who had the custody and care of the child, aided by contributions from

the deceased to the support of his mother and child.

The court further found the mother a partial dependent, being 15% dependent upon deceased, and awarded her compensation on the basis of 3% of weekly earnings, for 300 weeks.

The employer, plaintiff in the trial court, petitions this court for review of questions of law by certiorari. Code, Title 26, § 304.

The employer insists that compensation to more than one class of dependents cannot run concurrently; that, therefore, the decree of the trial court was in error in awarding compensation to the mother of deceased to be paid weekly and concurrently with the compensation awarded to the wife and child.

The compensation decreed to the mother was evidently based on Title 26, § 283, Schedule A-11. This subdivision first appeared as subdivision (f) of Section 5, Acts of 1935, page 839; amending § 7556 of the Code of 1923, and re-enacted in Acts of Extra Session, 1936, page 17.

We are of opinion the terms of A-11 disclose an intent to pay the mother the compensation therein provided weekly and concurrently with compensation payable to wife and child under A-1, A-2 or A-5. Such compensation is limited to the residue of 65% of weekly earnings of deceased after deducting the compensation awarded to the wife and child, and subject to a maximum of $18.00 per week for all dependents.

It is further argued that Schedule A-11 is limited to the parent "wholly dependent," and there was error in awarding compensation to the mother as a partial dependent. This subdivision is written into and a part of Section 283, and directly following subdivision 10, a general provision defining the proportionate compensation payable to partial dependents of the same classes entitled to compensation if total dependents. Schedule B, § 283, looks to the same result.

We see no sound reason why the beneficiaries under subdivision 11 should not come within subdivision 10, as other classes of partial dependents. The cases of Ex parte Todd Shipbuilding & Dry Docks Company, 212 Ala. 477, 103 So. 447, and Locke v. Centennial Ice & Coal Company, 214 Ala. 411, 108 So. 46, arose under the Code of 1923, prior to the enact-

ment of Schedule A-11. The case of Sloss-Sheffield Steel & Iron Co. v. Alexander, 241 Ala. 476, 3 So.2d 46, did not involve this provision. None of these cases are in point in this case.

The employer earnestly challenges the decree awarding compensation to the wife of deceased as a total dependent.

In his finding of facts, the trial court found the widow "was wholly dependent on deceased at the time of his death, and for a reasonable time immediately prior to death of deceased."

Under our statute the wife living with the husband in normal family relations is "conclusively presumed to be wholly dependent." This means a total dependent as matter of law, evidently in recognition of the general legal obligations to support the wife. But, says the statute, such conclusive presumption does not obtain if "it be shown that she was voluntarily living apart from her husband at the time of his injury or death." Title 26, § 280.

In this latter event the question of dependency, total or partial, becomes an issue of fact. This court reviews by certiorari only questions of law. If there was no evidence to support the finding of fact, then there was error as matter of law.

The evidence before the trial court, duly certified by the court reporter, is brought up as part of the record. It is considered for above stated purpose.

The complaint in the circuit court alleged the wife was voluntarily living apart from the husband. The answer denied this averment. The court made no express finding on this issue, and we take his finding to be one of total dependence in fact, and not on any conclusive presumption under the statute. We consider the whole evidence in so far as shedding light on the finding of fact.

Evidence tended to show the wife for some two years did voluntarily live apart from the husband in the ordinary sense; did not live under the same roof, eat at the same table; did not sustain the normal relations of family life.

Other evidence tended to show they continued good friends, even intimate; that she frequently visited him in his lodging place, and latterly he frequently visited her in the home of her father in the same city, and they went out together of nights, etc.

Without dispute he contributed from his earnings regularly and weekly some $3 to $4 to his wife; at the same time contributed regularly to the support of their child, and the partial support of his mother.

The wife, on her part, obtained employment, and for most of the period after separation had earnings of her own about equal to the sums contributed by the husband.

But evidence further tended to show that for some three months immediately preceding the death of the husband, she was out of a job, but did washing for others from which she earned about half her former pay, until about a month before the husband's death, and thereafter had no income other than the sums contributed by the husband.

This brief outline will suffice to show there was evidence tending to show the husband was contributing of his earnings to the support of his wife in recognition of an obligation to do so; in fact, some evidence indicated he could have resumed family relations had he so desired.

Did the evidence make an issue of fact on the question of total dependence at the time of the husband's death and for a reasonable time immediately prior thereto?

The question of time prior thereto was considered in Ex parte Woodward Iron Co., 211 Ala. 111, 99 So. 649, 651. We there said:

"What is a 'reasonable time'? This is essentially a conclusion of fact. This statutory phrase on its face implies that the trior of fact shall look to all the circumstances of the particular case. If the deceased was regularly contributing to the support of his parents at the time of his death, and had been for such time prior thereto as to lead to a fair conclusion that he would continue to do so but for his sudden taking off, this was a reasonable time.

"This court will not disturb the finding of the trial judge if there is any evidence before him tending to support his conclusion. Ex parte Nunnally Co., 209 Ala. 82, 95 So. 343; Ex parte Sloss-Sheffield S. & I. Co. (Greek's Case), 207 Ala. 219, 92 So. 458."

In that case the employee had been contributing to the partial support of his father and mother thirty-three days.

 We cannot say there was no evidence to support the finding of the wife to be a total dependent.

It is suggested the wife was continuing to seek employment, and in all reason could have obtained it. If, under all the circumstances, the husband was under duty to support the wife, and was responding to that duty, the wife was under no legal duty to seek employment.

Writ denied.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.