GUILLERMO ATILES MOREU, ETC., Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., ET AL., Respondents.

No. 510.   Argued February 1, 1957.—Decided March 20, 1957.

*Donald R. Dexter* and *Aida Casañas O'Connor* for petitioner. *Osvaldo Goyco Monagas* for María Dolores Santiago.  *Luis A. Noriega* for Juana Santiago.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Workman Eusebio Santiago Gutiérrez died as a result of a labor accident and the State Insurance Fund granted a compensation of $2,920 to his sister Juanita Santiago and to his brother Francisco Santiago Gutiérrez, as being incapacitated for work, because the investigation disclosed that they were the only persons depending on the workman's earnings for their support.  María Dolores Santiago Hernández, legitimate daughter of the deceased workman, was excluded from the declaration of beneficiaries because she did not depend on him for her support.

The legitimate daughter appealed to the Industrial Commission and after a hearing the Commission entered a decision which in its dispositive portion reads:

"For the foregoing reasons in the light of the facts and the law, we believe and hold that María Dolores Santiago, daughter of the deceased workman, was partly dependent for her support on the earnings of her father, Eusebio Santiago Gutiérrez, at the time of his death, whereby she is entitled to 30% of the compensation which might correspond to her according to law, and that Juanita Santiago, sister of the decedent, was totally dependent on the earnings of her brother for her support at the time of his death and since she is incapacitated for work she is entitled to 70% of the compensation corresponding to her according to law." [1]

The reconsideration of the order having been denied, the Manager of the State Insurance Fund filed in this Court the present petition for review stating that the Industrial Commission erred "in holding that after the death of a workman in a labor accident the three classes of persons with a right to receive compensation shall concurrently receive compensation by reason of their dependency, and, consequently, that no one class excludes another, which is wholly inconsistent with the clear text of the law and with the ruling of this Court in the case of *Montaner* v. *Industrial Commission*, 58 P.R.R. 269."

■■ Paragraph 5 of § 3 of the Workmen's Accident Compensation Act [2] provides insofar as pertinent:

"Should the workman or employee leave a widow, parents, grandparents, children, including posthumous and adoptive children, or grandchildren, any of who were wholly or partly dependent for their support on the earnings of the deceased workman or employee at the time of his death, they shall receive a compensation of from two thousand (2,000) to four thousand (4,000) dollars . . . Said compensation shall be distributed

---

[1] At the time of the hearing before the Industrial Commission, Francisco Santiago Gutiérrez, the other beneficiary, had already died.

[2] 11 L.P.R.A. § 3.

among the aforesaid relatives according to the condition, needs, and degree of relationship and dependence of each, . . .

" *In default of the aforesaid persons,* the foster father or mother, the foster children, or the brothers or sisters under eighteen (18) years of age, or whatever their age, if it is determined by the Manager of the State Insurance Fund that they are persons incapacitated for work, who were wholly or partly dependent for their support on the earnings of the deceased workman or employee, shall receive a compensation of from two thousand (2,000) to four thousand (4,000) dollars as a maximum, and if the persons entitled to this compensation are several, the said compensation shall be distributed among them. . . .

"*In default of the aforesaid persons,* the foster brothers and sisters under eighteen (18) years of age, or whatever their age, if it is determined by the Manager of the State Insurance Fund that they are persons incapacitated for work, and any relatives of the workman or employee within the fourth degree of consanguinity or the second of affinity, not included in the preceding paragraphs, incapacitated for work due to physical disability or old age, who depended mainly on what the deceased workman or employee earned, shall receive a compensation of one thousand (1,000) dollars, and if there are several persons entitled to this compensation, the same shall be distributed among them. . . ." (Italics ours.)

The statute divides dependents into three classes of beneficiaries. The first class includes the widow, the parents, grandparents, children, including posthumous and adopted children, and grandchildren. The second class includes the foster father or mother, the foster children, or the brothers or sisters, and the third includes the foster brothers and sisters and any relatives of the workman within the fourth degree of consanguinity or the second of affinity, not included in the first two classes. However, the law fixes an order for priority of payment for these three classes. Thus, the right to compensation corresponds in the first place to the persons included in the first class. In their default, the compensation corresponds to the second class, and the third class is entitled

to compensation only in case there are no dependents belonging to either of the first two classes.

In this case María Dolores Santiago Hernández is included in the first class because she is the legitimate daughter of the deceased workman and she was partly dependent on him for her support, while the other beneficiary, Juanita Santiago, belongs to the second class because she is the workman's sister and therefore is excluded by the daughter from the benefits of the compensation. This is so, because the law does not grant compensation to the three classes collectively but in the alternative to one class alone. Since the law fixes an order of priority, the first class excludes all other classes. Likewise, the second class excludes the third. Hence, the preterition of a class rests on the existence of another preferred class to which compensation is payable by provision of law. *Montaner* v. *Industrial Commission*, 58 P.R.R. 269; *Robinson* v. *Union Electric Light & Power Co.*, 43 S. W. 2d 912; *Dennis* v. *Wrought Iron Range Co.*, 89 S. W. 2d 127; *Allen* v. *St. Louis-San Francisco Ry. Co.*, 90 S. W. 2d 1050; *Ex Parte Todd Shipbuilding & Dry Docks Co.*, 103 So. 447; *Locke* v. *Centennial Ice & Coal Co.*, 108 So. 46; *Kirby et al.* v. *Crystal Oil Refining Corp.*, 123 So. 432; *Sloss-Sheffield Steel & Iron Co.* v. *Alexander*, 3 So. 2d 46; *Poff* v. *Pennsylvania R. Co.*, 327 U. S. 399; *C. B. & Q. R. R.* v. *Wells-Dickey Trust Co.*, 275 U. S. 161; *Sabine Towing Co.* v. *Brennan*, 85 F. 2d 478; 25 C. J. S. *Death*, § 34, pp. 1111-12.

For the foregoing reasons we feel bound to conclude that the compensation for the death of the workman Eusebio Santiago Gutiérrez wholly corresponds to his legitimate daughter María Dolores Santiago Hernández.[3] The decision of the

---

[3] The facts in this case show how very unfair it may result if compensation is granted to beneficiaries preferred by classes. In other words, the order of priority created by the statute does not comply fully with the humanitarian and social purposes underlying the legislation. The legitimate daughter, to whom the total compensation corresponds, is married and has children. She was partly dependent on her father's earnings for her support. We may compute the extent of her dependency on the basis

Industrial Commission will be set aside and the original record will be remanded to the Commission so that it may enter another decision consistent with the terms of this opinion.

of the 30% fixed by the Industrial Commission as her share in the compensation.   Yet, the workman's sister, a woman incapacitated for work, who lived with him and was totally dependent on his earnings for her support, is excluded by law as preferred dependent and placed in the second class, that is, in the second order of priority.   Bear in mind that the Workmen's Accident Compensation Act is a law of dependents and not of heirs.   In this case, it is made a law of heirs and not of dependents.   The daughter was partly dependent on the workman's earnings and receives the entire benefits while the sister who was wholly dependent on said earnings, receives nothing.   Would it not be fairer and more reasonable if the benefits were distributed, as determined by the Industrial Com-

mission, in proportion to the degree or extent of the dependency of each one of the beneficiaries?

Although this solution seems more equitable, our statute, as it reads, does not allow for an interpretation other than the one we adopt in this opinion. The remedy is not in our hands. Actually, in other jurisdictions there are laws on the subject which allow a fairer and more equitable distribution of the benefits among the beneficiaries of a workman.