GUILLERMO ATILES MOREU, en su carácter de Administrador del Fondo del Seguro del Estado, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, compuesta por los SEÑORES FRANCISCO PAZ GRANELA, PRESIDENTE; VÍCTOR A. FERNÁNDEZ GARZOT y RAQUEL NIGAGLIONI, COMISIONADOS

ASOCIADOS, y MARÍA DOLORES SANTIAGO, hija del obrero fallecido EUSEBIO SANTIAGO GUTIÉRREZ, recurridos.

Número 510.
*Sometido:* 1 de febrero de 1957. *Resuelto:* 20 de marzo de 1957.

*Donald R. Dexter* y *Aida Casañas O'Connor,* abogados del recurrente; *Osvaldo Goyco Monagas,* abogado de la recurrida *María Dolores Santiago; Luis A. Noriega,* abogado de Juana Santiago.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El obrero Eusebio Santiago Gutiérrez falleció como consecuencia de un accidente del trabajo y el Fondo del Seguro del Estado otorgó a su hermana Juanita Santiago y a su hermano Francisco Santiago Gutiérrez, por ser personas incapacitadas para el trabajo, una compensación de $2,920 ya que de la investigación practicada éstas eran las únicas personas que dependían del salario del obrero para su subsistencia. En esa declaración de beneficiarios se excluyó a María Dolores Santiago Hernández, hija legítima del obrero fallecido por no depender de éste para su subsistencia.

Apeló la hija legítima para ante la Comisión Industrial y después de celebrarse la correspondiente vista, dicho organismo dictó una resolución que en su parte dispositiva lee:

"Por lo antes expuesto a la luz de los hechos y del derecho, somos de opinión y resolvemos que María Dolores Santiago, hija del obrero occiso, dependía parcialmente para su subsistencia de lo que ganaba su padre Eusebio Santiago Gutiérrez al día de su muerte, por lo tanto tiene derecho a un 30 por ciento de la compensación que le corresponda de acuerdo con la ley, y Juanita Santiago, hermana de dicho fenecido, dependía totalmente para su subsistencia de lo que ganaba su hermano al día de su muerte y por su incapacidad para el trabajo, tiene derecho a un 70 por ciento de la compensación que por la Ley le corresponda." [1]

Denegada la reconsideración de dicha resolución, el Fondo del Seguro del Estado recurrió ante nos con el presente recurso de revisión señalando que la Comisión Industrial cometió error "al resolver que ocurrida la muerte de un obrero en un accidente del trabajo, los integrantes de los tres grupos con derecho a los beneficios de la compensación, concurren entre sí, por el mero hecho de la dependencia, y que en consecuencia ningún grupo excluye al otro, contrario al texto claro de la Ley y a lo resuelto por este Hon. Tribunal en el caso de *Montaner* v. *Comisión Industrial*, 58 D.P.R. 267."

El inciso 5 del art. 3 de la Ley de Compensaciones por Accidentes del Trabajo, [2] dispone en lo pertinente:

"Si el obrero o empleado dejare viuda, padres, abuelos, hijos, incluyendo los póstumos y adoptivos, o nietos cualquiera de los cuales dependiera total o parcialmente para su subsistencia de lo que ganaba el obrero o empleado fallecido al tiempo de su muerte, recibirán una compensación de dos mil (2,000) a cuatro mil (4,000) dólares....... Dicha compensación se distribuirá entre los parientes mencionados atendiéndose a la condición, necesidades, grado de parentesco y dependencia de cada uno,.....
*"En defecto de las personas antes mencionadas,* el padre o la

---

[1] Para la fecha en que se celebró la vista ante la Comisión Industrial ya había fallecido el otro beneficiario Francisco Santiago Gutiérrez.
[2] 11 L.P.R.A. sec. 3.

madre de crianza, los hijos de crianza, o hermanos menores de dieciocho (18) años, o cualquiera que sea su edad si se determinare por el Administrador del Fondo del Seguro del Estado que son personas incapacitadas para el trabajo, que dependieren total o parcialmente de lo que ganaba el obrero o empleado fallecido recibirán una compensación de dos mil (2,000) a cuatro mil (4,000) dólares como máximo, y si fueren varias las personas con derecho a esa compensación, la misma se distribuirá entre ellas......

"*En defecto de las personas antes mencionadas,* los hermanos de crianza menores de dieciocho (18) años de edad, o cualquiera que sea su edad si se determinare por el Administrador del Fondo del Seguro del Estado que son personas incapacitadas para el trabajo, y aquellos familiares del obrero dentro del cuarto grado de consanguinidad, o segundo de afinidad, no comprendidos en los anteriores párrafos, incapacitados para el trabajo por inutilidad física o ancianidad, que dependieran principalmente de lo que ganaba el obrero o empleado fallecido, recibirán una compensación de mil (1,000) dólares, y si fueren varias las personas con derecho a esta compensación la misma se distribuirá entre ellos...." (Bastardillas nuestras.)

A base de dependencia la ley establece tres grupos de beneficiarios. En el primero están incluídos la viuda, los padres, los abuelos, los hijos, incluyendo los póstumos y adoptivos, y los nietos. En el segundo grupo figuran el padre o la madre de crianza, los hijos de crianza y los hermanos y el tercero lo componen los hermanos de crianza y los familiares del obrero dentro del cuarto grado de consanguinidad o segundo de afinidad no comprendidos en los primeros dos grupos. La ley, sin embargo, establece un orden de preferencia entre estos tres grupos. Así el derecho a la compensación corresponde en primer término a las personas del primer grupo. En defecto de estas personas es que la compensación corresponde a los del segundo grupo y el derecho del tercer grupo a la compensación surge únicamente cuando no existen los dependientes incluídos en los dos primeros grupos.

En este caso María Dolores Santiago Hernández, por ser hija legítima del obrero fenecido y depender parcialmente del

salario de éste, está incluída en el primer grupo, mientras que la otra beneficiaria Juanita Santiago, por ser hermana de dicho obrero, pertenece al segundo grupo y queda, por lo tanto, excluída por aquélla de los beneficios de la compensación. Esto es así porque la ley no concede la compensación a los tres grupos colectivamente, sino que la concede en la alternativa a uno solo de ellos. Al establecerse por ley un orden de preferencia, el primer grupo excluye a todos los demás. En igual forma el segundo grupo excluye al tercero. La preterición pues, de un grupo descansa en la existencia de otro preferido al que por disposición de ley corresponde la compensación. *Montaner* v. *Comisión Industrial*, 58 D.P.R. 267; *Robinson* v. *Union Electric Light & Power Co.*, 43 S.W.2d 912; *Dennis* v. *Wrought Iron Range Co.*, 89 S.W.2d 127; *Allen* v. *St. Louis-San Francisco Ry. Co.*, 90 S.W.2d 1050; *Ex Parte Todd Shipbuilding & Dry Docks Co.*, 103 So. 447; *Locke* v. *Centennial Ice & Coal Co.*, 108 So. 46; *Kirby et al.* v. *Crystal Oil Refining Corp.*, 123 So. 432; *Sioss-Sheffield Steel & Iron Co.* v. *Alexander*, 3 So.2d 46; *Poff* v. *Pennsylvania R. Co.*, 327 U.S. 399; *C.B. & Q.R.R.* v. *Wells-Dickey Trust Co.*, 275 U. S. 161; *Sabine Towing Co.* v. *Brennan*, 85 F.2d 478; 25 C.J. S. *Death*, sec. 34, pág. 1111–1112.

Por las razones expuestas nos vemos obligados a concluir que la compensación por la muerte del obrero Eusebio Santiago Gutiérrez corresponde íntegramente a su hija legítima María Dolores Santiago Hernández.([3]) *La resolución de la Comisión Industrial será anulada, y los autos originales devueltos a dicho organismo para que en su lugar, dicte otra resolución en armonía con los términos de esta opinión.*

---

([3]) Los hechos de este caso demuestran lo poco equitativo que puede resultar la concesión de una compensación a beneficiarios preferidos por grupos. En otras palabras, el orden de preferencia establecido por la ley no cumple a cabalidad con los propósitos y fines humanitarios y sociales que la inspiran. La hija legítima, a quien corresponde la compensación en su totalidad, es casada y tiene hijos. Ella dependía parcialmente para su subsistencia de lo que ganaba su padre. Cuál era la extensión de esa dependencia, podemos figurarla a base del 30 por ciento que la Comisión Industrial le fijó como su participación en la compensación. En cambio,

la hermana del obrero, una mujer incapacitada para el trabajo, quien vivía en compañía de aquél y de su salario dependía totalmente para su subsistencia es preterida por la ley, al ser incluída en el segundo grupo, esto es, en segundo orden. Recuérdese que la Ley de Compensaciones por Accidentes del Trabajo es una ley de dependencia y no de herencia. En este caso resulta ser lo último y no lo primero. La hija dependía parcialmente del salario del obrero y lo recibe todo mientras que la hermana dependía totalmente de dicho salario y nada recibe. ¿No sería más justo y razonable que la compensación se distribuyera, según resolvió la Comisión Industrial, en proporción al grado o extensión de dependencia de cada uno de los beneficiarios?

Aunque nos parezca más justa esta solución, nuestro estatuto, tal como está redactado, no nos permite otra interpretación que la que adoptamos en esta opinión. El remedio no está en nuestras manos. De hecho, en otras jurisdicciones existen estatutos sobre la materia que permiten una más justa y equitativa distribución de la compensación entre los beneficiarios de un obrero.