WRIGHT, Presiding Judge,
dissenting:
I must respectfully dissent from the view of the majority in this case. The result of their decision is practical nullification of the rights of children and other dependents of deceased employees to compensation under the Workmen’s Compensation law if there is a surviving wife. I believe the decision is not only a misinterpretation of § 25-5-62, Code of Alabama (1975), but it disregards the principle of pari materia construction of sections of an act of the legislature.
Section 25-5-62 has been a part of Workmen’s Compensation Act at least since the Code of 1923. In fact, I can find no material change in what is now codified as § 25-5-60 through § 25-5-68 since 1923. There has been a rearranging of the sections from the Code of 1940 and the Code recompiled in 1958 into the Code of 1975. There have also been substantial deletions *856 from what is now § 25-5-60 since the act was last amended by Act No. 1062, Acts of Alabama, 1973. In other words, the Code committee for the 1975 Code presented to the legislature and the legislature adopted a substantial revision of what was § 283, Title 26, Code of Alabama (1940) as last amended by Act 1062 of 1973.[1] However, the deletions, in my opinion, were therapeutic, eliminating surplusage and- not affecting the legal intent and meaning of that section of the act as it had existed since 1923. The reader may compare the old and the new. Primarily, the difference is that the new condenses some eight subsections of the old § 283 into three. And the old, as last amended, provided the percentage of'the deceased’s average weekly wage payable as compensation to designated dependents. The new declares the percentage paid for one dependent and provides the maximum will be paid if there are two or more dependents. The title of § 25-5-60 is “Compensation for Death” and as considered material is as follows:
In death cases, where the death results proximately from the accident within three years, compensation payable to dependents shall be computed on the following basis and shall be paid to the persons entitled thereto without administration, or to a guardian or such other person as the court may direct, for the use and benefit of the person entitled thereto.
(1) PERSONS ENTITLED TO BENEFITS; AMOUNT OF BENEFITS.
a. If the deceased employee leaves one dependent, there shall be paid to the dependent 50 percent of the average weekly earnings of the deceased.
b. If the deceased employee leaves two or more dependents, there shall be paid to the dependents 66⅜ percent of the average weekly earnings of the deceased.
c. If one of two or more dependents is a widow or widower, the compensation may be paid to the widow or widower for the benefit of herself or himself and the dependent child or children. In its discretion and when it considers appropriate to do so, the court shall at any time have the power to determine, without the appointment of any guardian or guardians, what portion of the compensation shall be applied for the benefit of any such child or children and may order the same paid to a guardian or custodian of such child or children.
There are additional provisions setting out that even partial dependents may be entitled to some benefits in some instances and provides ’ a formula for computing them. There are also provisions for minimum and maximum benefits payable in any case to wholly dependent persons and partially dependent persons.
Section 25-5-61 discloses that wives, husbands and children, with certain exceptions, are presumed to be wholly dependent upon the deceased.
Section 25-5-62 is set out in the opinion of the majority. It specifies that certain relations of the deceased who were wholly supported by him or her at the time of death shall be considered his “total” dependents and payment of compensation shall be made to such “total” dependents in the order named.
Section 25-5-63 provides:
Total dependents shall be entitled to take compensation in the order named in § 25-5-62 until the percentage of the average weekly earnings of the deceased, during the time and as specified in § 25-5-60, shall have been exhausted; but the total compensation to be paid to all total dependents of a deceased employee shall not exceed in the aggregate the maximum weekly compensation stated in § 25-5-68 except as otherwise provided in this article. (Emphasis ours).
The sections following § 25-5-63 through § 25-5-69 relate to the same subject, “Compensation for Death,” but are not pertinent to this case.
*857 Let us now look at the pertinent sections as herein quoted or summarized in pari materia as is required by principles of statutory construction. Ex parte Central Iron & Coal Company, 209 Ala. 22, 95 So. 472 (1923). Section 25-5-60(l)(a) requires that if a deceased employee leaves one dependent, he or she shall be paid fifty percent of the average weekly earnings of the deceased. Section 25-5-60(l)(b) provides if there are two or more dependents, “there shall be paid to the dependents 66⅜ percent of the average weekly earnings of the deceased.” Section 25-5-60(l)(c) provides if one of two or more dependents is a widow or widower, the compensation may be paid to the widow or widower for the benefit of herself or himself and the dependent children. It then provides that the court may, in its discretion, at any time, have the power to determine, without the appointment of a guardian, what portion of the compensation shall be applied for the benefit of any such child or children and may order the same paid to a guardian or custodian of such child or children.
This section is quoted by the majority and they give it significance only by saying it gives the court discretion to apportion benefits between a widow and minor children, though the court is not required to do so. In discussing this portion of the decision, I was informed that this meant that the court had the discretion to give to or withhold from dependent children benefits granted to them by the preceding subsection, and the court could give all compensation to the widow or could exercise its benevolent discretion and give a portion to the child or children or their guardian or custodian. This means that the statute giveth but the judge may take away.
To me, such a construction of subsection (l)(c) is impossible. Such a construction is beset with frailties. It ignores the preceding sections and the requirement that they be construed together. Subsection (l)(a) directs unequivocally that if there is one dependent, he or she shall be paid fifty percent of the average weekly wage of deceased. In this case, applying in pari materia § 25-5-62, that first dependent is the wife. She is the first dependent in the order named. She is also presumptively wholly dependent under § 25-5-61. Were she the only dependent, she would only get fifty percent of deceased’s average weekly wage. However, she is not the only dependent. Subsection (l)(a) does not apply. Looking at the evidence, there are four children under eighteen years. Under subsection (l)(b) there shall be paid 66% percent of the deceased’s average weekly wage to the dependents. This includes widow and children. Foreseeing the possibility that the widow or widower might be an unfit parent, or should not be the parent of dependent children, as in this case, subsection (l)(c) provided protection for the children by giving to the court discretion to apportion between the widow and children, even without appointing a guardian, the total benefits payable.
The decision of the majority means that the children not only get nothing, but the wife should take under subsection (l)(a) and draw only 50 percent of the deceased’s average weekly wage. Neither she nor the children could get the benefit of the additional 16⅜ percent payable to two or more dependents. As I initially said, the decision also means that the sections of the act providing benefits to persons wholly or partially dependent are nullities and of no meaning if the widow or any one of the persons preceding them in the order of § 25-5-62 is living and were wholly or partially dependent upon the deceased. It is to be noted that even partial dependents are accorded standing in the order of § 25-5-62 by § 25-5-64.
The majority have said that the language of § 25-5-62 can have no other meaning than that no “total” dependent may receive any compensation so long as there is one living who precedes him or her in the order who was wholly supported by the deceased. As the majority says it, “each class of beneficiaries ... as designated by § 25-5-62 takes in the order set out ... to the exclusion of after named beneficiaries.”
*858 I say that § 25-5-62 does nothing more than designate who may receive benefits if wholly supported by a deceased employee at the time of his or her death. As the statute said those names are the “total” dependents; /. e., they are all who shall be considered as dependents, and they shall be paid compensation in the order named.
The next section, § 25-5-63, provides that the “total” dependents shall be entitled to take compensation in the order named in § 25-5-62 until the percentage of the average weekly earnings as specified in § 25-5-60 shall have been exhausted, but the “total” compensation to be paid all “total” dependents shall not exceed in the aggregate the maximum weekly compensation stated in § 25-5-68. In my view, when this section refers to “total compensation paid to all total dependents” and said it shall not exceed in the aggregate the maximum weekly compensation allowed, it must be construed to mean that in accordance with § 25-5-60 though there are two or more dependents, they must take in order the 66⅜ percent of the average wage and, in the aggregate, cannot draw more than the 66⅜ percent. I consider that § 25-5-63, if it has any meaning at all, repudiates the majority construction of § 25-5-62.
The majority cites Sloss-Sheffield Steel & Iron Co. v. Alexander, Supra, and quote from the decision. I have no quarrel with the statement quoted when considered in the light of the facts of that case. It involved a claim of a partially dependent half-sister of the deceased. The mother, father, and a wife also claimed to be wholly dependent. The court said that in order for a partially dependent half-sister to be eligible for benefits the evidence must show the death or non-dependency of all those in a class ahead of her. This statement is supportive of my position. If those named in order in the statute ahead of the claimant, in the aggregate, exhaust the maximum compensation payable under the statute, those named after in the order cannot receive compensation unless those ahead die, marry or otherwise become ineligible. The statement in the Sloss-Sheffield case following that quoted by the majority, that a half sister could in no case take concurrently with a wife is obiter dicta and in my judgment is incorrect. One of the cases cited as authority for the statement does not support it. In fact, that case provided that a wife and children wholly dependent would draw compensation concurrently. Locke v. Centennial Ice & Coal Co., 214 Ala. 411, 108 So. 46 (1926). The other case, Ex parte Todd Shipbuilding & Dry Docks Co., 212 Ala. 477, 103 So. 447 (1925), does hold, in construing the act as it existed in the 1923 Code, that it was intended that compensation should not be payable concurrently to more than one of the classes or in the order set out, even though the maximum was not exhausted. I believe this general statement is erroneous so long as those preceding the claimant in the order are drawing their allowable compensation but the maximum is not exhausted. The authority cited by the court for its conclusion, Ex parte Central Iron & Coal Co., supra, does not support that proposition, but more to the contrary. That case is an enlightened opinion, written in 1923, applying the principle of pari materia construction and emphasizing the requirement of liberal and beneficent construction of the Workmen’s Compensation Act which had been then only recently enacted in 1919. Payment in the case was being made concurrently to a wife and child when the mother remarried. The question was whether the child succeeded to the compensation the mother forfeited by remarriage or must continue to draw only that amount she was entitled to while drawing concurrently with her mother. The court determined that the compensation which would have been due the mother was, after her marriage, payable to the dependent child or children.
To sum up the cases that we can find, the dicta of Sloss-Sheffield is not supported by the facts of that case. The holding of that case and the others, with the possible exception of Ex parte Todd Shipbuilding, is merely that a claimant far down the order set out in § 25-5-62 is not entitled to compensation if there are dependent wife and child or children preceding such claim *859 ant in the order. We find no fault with those decisions. As we have said here, under the present law as codified in § 25-5-60, if there are two or more dependents preceding a claimant in the order of § 25-5-62 that are wholly dependent, such claimant is not entitled to compensation.
I would hold, construing the act liberally and for its beneficent purpose, that in this case there is a dependent wife and wholly dependent children. That such dependents are entitled to be paid 66% percent of the deceased’s average weekly wage. The trial judge may apportion the total compensation in his discretion and order that apportioned to the children paid to a guardian or custodian for their use and benefit.
It is to be noted that the judgment below granted to the wife the total compensation payable because of the death of the husband. Of course, the maximum payable is 66% percent of his average weekly wage at the time of death. According to the petition for declaratory judgment filed by the employer which initiated this action, such amount was $140 per week. The court gave it all to the wife. However, § 25-5-60 allows compensation benefits to one dependent of only 50 percent of the deceased’s average weekly wage. Clearly therefore, the judgment not only took benefits payable to the children from them but gave such additional 16% percent to the wife. Thus error is compounded by error.
This dissent is perhaps too long. However, I feel thoroughness is required because I am so firmly convinced that the majority has grieviously erred in affirming the judgment below. They have endorsed what I believe is a clear misinterpretation and application of the purpose and intent of the benevolent Workmen’s Compensation Act, and have permitted an injustice to deceased’s dependent children and an unjust enrichment to the wife. For all these reasons I dissent.

. Such changes were made in many instances in the 1975 Code and many are as yet undiscovered by either lawyers or judges.