WRIGHT, Retired Appellate Judge.
Careline of Alabama, Inc. (“Careline”), appeals a judgment awarding workers’ compensation benefits to Beverly H. Edwards (“the wife”) due to the death of *434 Charles Edwards (“the husband”) in an accident arising out of his employment with Careline. Careline asserts that pursuant to § 25-5-61(1), Ala.Code 1975, the court erred in awarding benefits to the wife because she was not “dependent” upon her husband at the time of his death.
Section 25-5-61(1) provides the following:
“For the purposes of this article, the following described persons shall be conclusively presumed to be wholly depen- '' dent:
“(1) The wife, unless it is shown • that she was voluntarily living apart from her husband at the time of his injury or'death, or unless it is shown that the husband was not in any way contributing to her support and had not in any way contributed to her support for more than 12 months next preceding the occurrence of the injury causing his death.”
The record reflects that the parties were married in 1990 and had one son. In the summer of 1996, the couple began having marital problems because the husband had lost his job and their small home was overcrowded due to two unwanted roommates. In August 1996, the wife rented a ■ one-bedroom garage apartment in order to give her husband time and space to work on his problems. The wife and the son took only necessary belongings to the apartment, leaving most of their belongings in the marital home. Although the wife had divorce papers drawn up, she never filed for divorce. The wife testified that in October 1996, the relationship began to improve. They started staying together at either the apartment or their home, going out to dinner, and talking on the phone constantly. Throughout the separation, the husband provided for any expenses that the wife could not afford, especially those relating to their son. The couple had a joint savings account and a car and a home in their joint names. The wife was named as a beneficiary and as the executrix of her husband’s will. In December 1996, the husband was killed in an accident arising out of his employment with Careline.
In awarding benefits to the wife, the court found the following:
“There is a conclusive presumption of dependency of a wife who is married and living with decedent at the time of his death; however, the conclusive presumption of dependency will not apply to a wife that is voluntarily living apart from the decedent at the time of his death. Robinson Foundry, Inc. v. Moon, 503 So.2d 863 (Ala.Civ.App.1987).
“In the case of Robinson Foundry, Inc. v. Moon, the husband and wife were living apart, but were legally married. The court held that the wife would be deemed to be living with the husband unless there has been an actual severance of marital relations so deliberate and complete that it is obvious that the wife no longer looks to the husband for support. The wife in Robinson Foundry, Inc. v. Moon was living apart due to her husband’s dependency on alcohol. In this case, [the wife] testified the reason that she was living apart from her husband was because of the discord resulting from two additional individuals invited by her husband to live in a house that she described as too small. In addition, disharmony and discord were caused by the decedent losing his job.
“Further, at the time of the separation, the marital situation had become intolerable. Testimony is convincing that the couple intended to remain married and move back in together as husband and wife. In Royster & Haardt v. Morgan, [245 Ala. 496,] 17 So.2d 582 (1944), the court looked with favor upon the fact that the two individuals remained good friends, were intimate together, and visited each other often. The testimony supports these same findings in the case at bar. In addition, the courts in both Royster & Haardt and Robinson Foundry, Inc., found it persuasive that the deceased employee had *435 been contributing from his earnings to the support of his wife while they were living apart. Such is the testimony in this case. Such is the finding of the court.”
The court’s order is supported by applicable law and the facts contained in the record. The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active-duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the judges concur.